## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

**LEWIS G. ADLER, ESQUIRE**
**26 NEWTON AVENUE**
**WOODBURY, NJ 08096**
**(856)845-1968**
**ATTORNEY FOR PLAINTIFF**
_____

| | |
|---|---|
| **STACY COLEMAN , fka Stacy Kovilaritch:** | : |
| **individually and as a class representative** | : |
| **On behalf of others similarly situated** | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | : |
| | : **CIVIL ACTION** |
| **CHASE HOME FINANCE, LLC.** | : |
| **Successor by merger to** | : |
| **CHASE MANHATTAN MORTGAGE** | : **CLASS ACTION** |
| **CORP.  and John Doe 1-100** | : **COMPLAINT AND** |
| **and John Doe Servicers 1-100** | : **JURY TRIAL DEMAND** |
| **Defendant.** | : |

_____

Plaintiff, by her attorney, individually, and as private attorneys general, and on behalf of all others similarly situated, hereby makes the following  complaint:

Plaintiff, STACY COLEMAN fka Stacy Kovilaritch, residing at 169 Columbia Avenue, Thorofare, County of Gloucester and State of New Jersey, by way of Complaint against the Defendant, says:

PARTIES

1.      The Plaintiff owns the residential property located at 169 Columbia Avenue, Thorofare, County of Gloucester, New Jersey.

2.      The Defendant, CHASE Home Finance, LLC   a Delaware limited liability company  is the successor by merger   to CHASE MANHATTAN MORTGAGE, CORPORATION, a NEW JERSEY Corporation, (Chase) solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

VENUE AND JURISDICTION

3.      This action is a civil action over which this Court has original jurisdiction pursuant to 28 USC 1332(d), as amended by the Class Action Fairness Act, Pub. L. No. 109-2,119 Sta. 4 (2005). This is a class action in which at least one member of the class of the Plaintiff is a citizen of a state different from that of the Defendant and the amount in controversy exceeds the sum of $5,000,000.00, exclusive interest and costs.

4.      Plaintiff seeks to represent a class and pursue a class recovery under      . See 28 USC 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute…authorizing an action to be brought by 1 or more representative persons as a class action.")

5.     The diversity requirement of Section 1332(d)(2), as amended by the Class Action Fairness Act, is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant" Id. 1332(d)(2)(A).

6.     The Defendant is a Delaware Limited Liability Company.

7.     The Plaintiff is a resident of the State of New Jersey.

8.     The proposed class will not be composed of or limited to citizens from the state of Delaware. The Plaintiff proposes a class as 1) Individuals who have had home loans held or serviced by the Defendant in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement statement from the Defendant whose home loan was in default, 3) individuals who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

9.     A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

10.    The class damages sought by the Plaintiff are to be aggregated for purposes of calculating the amount in controversy.  The Plaintiff will be seeking actual damages, treble damages and punitive damages plus attorneys fees and costs of suit. The Plaintiff anticipates that the damages will average $5000.00 per class member.

11.     The Defendant has averaged 600 to 1000 foreclosures per year since 2002.
        The class size is anticipated to be in excess of 3000 members. The total
        aggregated damages would be at least $15,000,000.00.

CLASS ACTIONS ALLEGATIONS

12.     The Plaintiff brings this action on  behalf of all persons similarly situated and
        pursuant to Fed. R.Civ.P. 23 as a class action on behalf of a statewide class of
        persons as defined in paragraph 8 above.

13.     The claims of the named class representative and the absent class members
        have a common origin and share a common basis. Their claims originate from
        the same illegal, fraudulent, unconscionable and/or negligent business
        practices of the Defendant, and the Defendant act in the same way toward the
        Individual Plaintiff and the members of the class. As such, the individual
        Plaintiff has been a victim of the unconscionable business practices.

14.     The Plaintiff proposes a class as 1) Individuals who have had home loans held
        or serviced by the Defendant, Chase in the State of New Jersey from sixteen
        years prior to the filing of the complaint through the date of class certification;
        and 2)  who received a payoff or reinstatement statement from the Defendant
        whose home loan was in default; 3)and who were charged attorneys fees
        and/or other costs which were in excess of the amount actually incurred and/or
        in excess of the amount allowed by law.

A) A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

15. At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law.  The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a)  they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

b)  they charged attorneys fees and costs in excess of those actually incurred;

c)  costs of suit charged to the class was excessive in violation of statute and court rule;

d)  recording fees charged were excessive of the actual fee incurred;

e)  over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f)  charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g) other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not a cost which can be charged to a borrower.

16. The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

17. The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representative.

18. The members of the class are so numerous that joinder of all members is impracticable. The Defendents engage in thousands of foreclosures per year. The class is ascertainable as the names and addresses of all class members can be identified in the business records maintained by the Defendants.

19. Questions of fact and law common to the class that predominate include but are not limited to:

      I.     Did Chase breach their contractual obligations to the class members by having imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and charges?

     II.    Did Chase engage in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

    a.    Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    b.    Imposing and collecting excessive interest;

    c.    Misleading or otherwise misinforming customers about the amounts properly due and owing;

    d.    Engaging in conduct that violates state and federal consumer protection laws; and

    e.    Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

III.    Did Chase engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

    a.    Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    b.    Imposing and collecting excessive interest;

    c.    Misleading or otherwise misinforming customers about the amounts properly due and owing;

    d.    Engaging in conduct that violates state and federal consumer protection laws; and

    e.    Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

IV.    Did Chase represent to the Plaintiff that they are entitled to collect various loan charges that were not legally due and owing?

V.    Did Chase collect monies that are not due and owing under applicable law which resulted in unjust enrichment of the Defendant Chase?

20.    The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

21.    The self-interest of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to well and truly protect the interests of the absent class members.

22.    The named individual Plaintiff has engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action and will assert, protect, and otherwise well represent the named class representative and absent class members.

23.    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

24.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying applications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would be necessarily the same essential facts, proof and legal theories, would also create and allow ot exist inconsistent and incompatible rights within the class.

25.    The Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

26.     The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

   a)   individual claims by the class members are impractical as the costs of pursuit far exceed what any one Plaintiff or class member has at stake;

   b)   as a result, there has been very little litigation over the controversies herein; and individual members of the class have no interest in prosecuting and controlling separate actions; and

   c)   the proposed class action is manageable.


<u>BACKGROUND</u>

28.     The mortgage and note dated October 28, 1997 executed by the Plaintiff are documents signed under seal which was originated by Eastern American Mortgage, Co.

**29.**     Eastern American Mortgage, Co. was a non-depository licensed lender licensed in the State of New Jersey pursuant to NJSA  17:11C-1.  et seq.

30.     The loan was assigned from Eastern American Mortgage Co. to Chase Manhattan Mortgage Corporation on or about October 28, 1997.

31.     The Defendant, Chase through its agents and attorneys, Phelan Hallinan & Schmieg, PC began foreclosure proceedings against the Plaintiff on the mortgage on or about October 26, 2001 under the caption Chase Manhattan

Mortgage Corporation v. Stacey Kovilaritch et al.; Superior Court of New Jersey, Chancery Division, Gloucester County,  Docket No. F-18980-01.

32.   On or about August 1, 2002, the Defendant obtained a final judgment and writ of execution from the Superior Court.

33.   The Plaintiff reinstated the mortgage with Chase on or about January 17, 2006 by paying approximately $18,658.24 as reflected in the reinstatement quote of November 4, 2005 which included mortgage arrears of $11,966.21, foreclosure fees of $900 and foreclosure costs of $5791.73. Exhibit A.

34.   The payoff as of November 4, 2005 was alleged to be $89,245.62 by Chase as reflected in the payoff quote. Exhibit B.

35.   The final judgment allowed total taxed costs of only $1600.52 inclusive of attorneys fees and all costs of suit.

36.   The Defendant demanded and was paid costs and fees of $6691.73 which was $5091.21 over the amount allowed in the judgment.

37.   The reinstatement and payoff quotes provided by Chase to the Plaintiff included excess and/or unincurred charges including attorneys fees and costs of suit which were in excess of the amount allowed under the law and final judgment.

38.   The Defendant in calculating both the payoff and reinstatement quotes continued to use the contract rate of interest and not the judgment rate of interest.

39.   The Plaintiff paid the full amount demanded by Chase to reinstate the mortgage.

40.     Upon receipt of the reinstatement funds from the Plaintiff, the Defendant failed to reinstate the mortgage, and vacate and/or dismiss the foreclosure.

41.     On or about April 4, 2007 the Plaintiff paid off the mortgage with Chase in full by paying the amount of $72,198.60. Exhibit C.

FACTUAL ALLEGATIONS:
DEFENDANT'S WRONGFUL CONDUCT

42.     At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law.  The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a)      they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

b)      they charged attorneys fees and costs in excess of those actually incurred;

c)      costs of suit charged to the class was excessive in violation of statute and court rule;

d)      recording fees charged were excessive of the actual fee incurred;

e)      over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f)      charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g)     other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not an expense which can be charged to a borrower.

## COUNT I

## BREACH OF CONTRACT

43.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

44.     Chase services loans evidenced by standard form notes and mortgages which are executed under seal, the relevant provisions of which are uniform.

45.     Chase has imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and other charges.

46.     Chase has breached its contracts with plaintiff and members of the class.

47.     Plaintiff and Class members are entitled to relief for breach of contract.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT II

## INTENTIONAL MISREPRESENTATION

48.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

49.     Chase has represented to the Plaintiff that Chase is entitled to collect various loan charges that were not legally due and owing as Chase demanded $6691.73 in taxed costs inclusive of attorneys fees and costs of suit.

50.     Chase representations concerning the right to collect such fees and charges were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

51.     Chase knew or should have known that such representations were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

52.     Plaintiff relied upon Chase's false representations concerning its entitlement to collect such fees and charges to her detriment as she paid the full amount demanded by Chase.

53.     Plaintiff's reliance was reasonable and justifiable in the circumstances.

54.     Plaintiff has suffered damages of at least $5091.21.

55.     Plaintiff and other class members are entitled to relief for misrepresentation.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, punitive damages, attorney's fees, and cost of suit.


COUNT III

 NEGLIGENCE

56.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

57.     Chase owed plaintiff and other Class members a duty of care with respect to servicing their mortgage loans  that those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship.

13

58.   Chase's conduct with respect to Plaintiff and other Class members was far below applicable standards for mortgage loan servicing.

59.   Chase's conduct was negligent with respect to Plaintiff and other Class members.

60.   As a direct and proximate result of the negligence listed above Plaintiff and the other Class members have suffered damages and are entitled to relief for Chase's negligence.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT IV:

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

61.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

62.   New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

63.   Chase's conduct as aforesaid breached said duty.

64.   Plaintiff and members of the Class are entitled to relief for Chase's breach.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT V:  UNJUST ENRICHMENT

65.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

66.     Chase has engaged in unlawful collection activities.

67.     Chase has collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit Chase to collect such fees and charges.

68.     Said conduct sounds in equity under the common law of unjust enrichment,  money had & received, and constructive trust.

69.     Chase has been unjustly enriched by its conduct of at least $5091.21.

70.     Plaintiffs and Class members have suffered loss by virtue of Chase's conduct.

71.     Plaintiffs and members of the Class are entitled to relief for unjust enrichment.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT VI:

## UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES

72.     Plaintiff incorporates by reference all the foregoing paragraphs.

73.     In the course and conduct of their loan servicing and collection, defendant in numerous instances, has represented, expressly or by implication, that fees assessed and collected by Chase were (a) allowed under, the mortgage contract and (b) permitted by law.

74.     In the instant case, the final judgment in the foreclosure allowed total taxed costs of $1600.52. Chase demanded and collected $6691.73. This is an overpayment and overcharge of $5091.21.

75.     On numerous occasions, the fees assessed and collected by Chase were (a) not allowed under the mortgage contract and/or (b) not permitted by law.  Nonetheless, Chase improperly assessed and collected these fees.

76.     Defendants' actions have caused and are likely to cause substantial injury to consumers.  This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

77.     Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.


COUNT VII:

Fair Foreclosure Act

78.  The Plaintiff repeats each and every allegation of the previous paragraphs and incorporate them by reference herein as if they were set forth fully herein.

79. The Fair Foreclosure Act limits the amount of costs and attorney's fees which may be collected from a debtor in a mortgage foreclosure. Specifically,   N.J.S.A. 2A:50-57 (b)(3) of the Act prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

80. The Defendants' charges for costs and attorneys fees were in excess of the amount allowed pursuant to the statute and court rules.

81. The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

82. The Defendant was paid $6691.73.

83. The Plaintiff demands a return of the $5091.21 in excess charges.

84. The Defendants' acts or practices in violation of the Fair Foreclosure Act are either directly actionable under the act or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT VIII

### New Jersey State Court Rule

85. The Plaintiff repeats each and every allegation of the previous count and incorporates them by reference herein.

86. The Defendant's charges for costs and attorneys fees were in excess of the amount allowed pursuant to New Jersey court rule R 4:42-9(a)(4) and R 4:42-10 (a).

87. The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

88. The Defendant was paid $6691.73.

89. The Plaintiff demands a return of the $5091.21 in excess charges.

90. The Plaintiff requests the return of the excess charges with interest.

91. The Defendants' acts or practices in violation of the New Jersey Court Rules are either directly actionable under the act or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT IX

Excessive Taxed Costs in Violation of State Statutes

92.   The Plaintiff repeats each and every allegation of the previous count and incorporates them by reference herein.

93.   The Defendant's charges for costs  were in excess of the amount allowed pursuant to New Jersey law including but not limited to

a)   NJSA 22A:2-10 which allows costs in a foreclosure of $50.00;

b)   NJSA 22A:2-10 which allows costs for a writ of execution of $10.00;

c)   NJSA 22A:2-8 which allows the filing fee of $200;

d)   NJSA 2A:15-13 which allows a maximum of $50 for the filing of the  lis pendens;

e)   NJSA 22A:2-8 which allows a maximum of $35 for service of process per defendant;

f)   NJSA 22A:2-8 which allows for the actual costs of service of process by publication;

g)   NJSA 22A:2-8 which allows for the actual costs of service of process by mail;

94.   The Plaintiff requests the return of the excess charges with interest.

95. The Defendants' acts or practices in violation of these statutes are either directly actionable under these acts or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT X

### New Jersey Consumer Fraud Act

96. The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

97. The Defendants have charged and received the illegal and/or excessive charges as outlined previously.

98. The actions of the Defendant constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT XI

### Forfeiture of Interest

99. The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

98. The Defendants have charged and received the illegal and/or excessive interest on the loan; specifically by collecting the contract rate of interest after the entry

of the final judgment of foreclosure which requires the collection of the judgment interest rate.

99.  NJSA 31:1-3 provides that upon the collecting of illegal interest; all interest upon the loan is forfeited and only the principle may be collected.

100. The Plaintiff demands  a return of all interest paid on the mortgage pursuant to NJSA 31:1-3.

WHEREFORE, the Plaintiff demands judgment against the Defendant for return of all interest paid on the loan, attorney's fees, and cost of suit.


COUNT XII

Truth-In-Consumer Contract, Warranty and Notice Act


101.     The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

102.     The Defendant's  notices for reinstatement and payoff included  illegal and/or excessive charges  on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, excessive interest and other charges as outlined previously.

103.     The notices which demanded such illegal payments are a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act.  N.J.S.A. 56:12-14

104.     The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, statutory penalty of $100, attorney's fees, and cost of suit.

## COUNT XIII

## John Doe Parties

105.        In addition to the persons named as defendants, there may be others whose names are unknown to the Plaintiff and/or after diligent inquiry has not been able to ascertain. They are made parties to this action under the designation of John Does1-100.

106.        John Doe Servicer 1-100 are the unknown servicers of mortgages held by the Defendant Chase.


## PRAYER FOR RELIEF

Wherefore Plaintiff requests that this court certify a class pursuant to Rule 23 and award:

1.      Actual, special, and general damages according to proof;

2.      Statutory damages and penalties;

3.      Restitution and disgorgement according to proof;

4.      Injunctive relief against Defendant to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

5.      Prejudgment interest at the maximum legal rate;

6.      Punitive, exemplary and enhanced damages according to proof;

7.      Statutory punitive treble damages;

8.      An accounting;

9.      A return of all interest paid upon the mortgages;

10.   Declaratory Judgment as necessary to correct the wrongs inflicted on them;

11.   Litigation Expenses and Costs of the proceedings herein;

12.   Reasonable attorneys' fees; and

13.   All such other further relief as the Court deems just.


## DESIGNATION OF TRIAL COUNSEL

The undersigned, Louis D. Fletcher, Esq. and Roger C. Mattson, Esq. are designated as trial counsel.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all issues of  fact and/or law.


## CERTIFICATION

I  hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.


   ____/s/ Lewis G. Adler Esquire_____

Dated: _5/7/08____          **LEWIS G. ADLER, ESQ.**
                           **26 Newton Avenue**
                           **Woodbury, NJ 08096**
                           **(856) 845-1968**
                           **Attorney for Plaintiff**