UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

**LEWIS G. ADLER, ESQUIRE**
**26 NEWTON AVENUE**
**WOODBURY, NJ 08096**
**(856)845-1968**
**ATTORNEY FOR PLAINTIFF**

---

|  |  |
|---|---|
| **STACY COLEMAN, fka Stacy Kovilaritch:** | |
| **individually and as a class representative :** | |
| **On behalf of others similarly situated** : | |
| **Plaintiff,** : | |
|  : | **1:08-cv-2215 (NLH)(JS)** |
| **vs.** : | |
|  : | **CIVIL ACTION** |
| **CHASE HOME FINANCE, LLC.** : | |
| **Successor by merger to** : | |
| **CHASE MANHATTAN MORTGAGE** : | **Certification of Counsel** |
| **CORP. and John Doe 1-100** : | |
| **and John Doe Servicers 1-100** : | |
| **Defendant.** : | |

---

**I, Lewis G. Adler, Esquire,** of full age hereby certify to the following:

1. This certification is being to support the Plaintiff's opposition to the motions filed by Chase.

2. It appears that the exhibits to the complaint were not attached with the filed document. I have attached true copies of the exhibits A-D which were to have been attached to the complaint as follows:

   A). Exhibit A: Final Foreclosure Judgment dated August 1, 2002.

   B) Exhibit B: Payoff quote dated November 3, 2005.

   C) Exhibit C: Reinstatement quote dated November 4, 2005.

           D)  Exhibit D: HUD-1 from refinance of property dated March 26, 2007.

3.      I have attached a proposed amended complaint based on the objections filed by the Defendant.  Exhibit E. (The prior exhibits would still be exhibits to this pleading.)

I hereby certify that the foregoing statements made by me are true.  I realize that if any of these statements are willfully false, I am subject to punishment.

                        _/s/Lewis G. Adler, Esquire_____

DATED: 10/4/08      Lewis G. Adler, Esquire

# Exhibit A

CH-3403
**FEDERMAN and PHELAN, P.C.**
By: Rosemarie Diamond, Esquire
51 Haddonfield Road
Suite 210
Cherry Hill, NJ 08002
(856) 665-0856
Attorneys for Plaintiff

**FILED**
**SUPERIOR COURT OF NJ**

AUG 0 1 2002

**D.F.P.**

| CHASE MANHATTAN MORTGAGE CORPORATION<br>PLAINTIFF | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY |
|---|---|
| | DOCKET NO: F-18980-01 |
| STACEY A. KOVILARITCH, ET AL.<br>DEFENDANT(S) | CIVIL ACTION<br>FINAL JUDGMENT |

This matter having been opened to the Court by Federman and Phelan, P.C., attorney's for plaintiff, and it appearing that service of the Summons, Complaint and Amendment has been made upon the defendants, in accordance with the Rules of this Court and default having been entered against all non-answering defendants; and plaintiff's obligation, Mortgage and assignment of Mortgage having been presented and marked as exhibits by the Court, and proof having been submitted of the amount due on the plaintiff's Mortgage and sufficient cause appearing:

It is on this ____ day of _August_ 2002, ORDERED and ADJUDGED that the plaintiff is entitled to have the sum of $ 90401.53 together with lawful interest from July 16, 2002 together with costs of this suit to be taxed including counsel fee of $1054.02 raised and paid in the first place out of the mortgaged premises, and it is further ordered that the plaintiff, its assignee or purchaser at sale recover against the following defendants:

Stacey A. Jovilaritch

and all parties holding under said defendants the possession of the premises so mentioned and described in the said Complaint and Amendment with the appurtenances; and it is further

ORDERED and ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place to the plaintiff, Chase Manhattan Mortgage Corporation, in the sum of $90401.53 together with lawful interest thereon to be computed as aforesaid, the plaintiff's costs to be taxed, with interest thereon, and that an execution for the purpose by duly issued out of this Court directed to the Sheriff of Gloucester County, commanding said Sheriff to make sale according to law of the mortgaged premises, as described in the Complaint, and out of the money arising from said sale, that said Sheriff pay in the first place, to the plaintiff, said plaintiff's debt, with interest thereon as aforesaid and said plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale than shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the rules of this Court, and it is further

ORDERED and ADJUDGED that the defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises described in the Complaint, when sold as aforesaid by virtue of this judgment

This judgment shall not affect the right of any person protected by the provisions of the New Jersey Tenant Anti-Eviction Statute (N.J.S.A. 2A; 18-61.1 et seq.)

Neil H. Shuster, P.J. Ch.

Respectfully recommended:
R. DR34-6 OFFICE OF FORECLOSURE

# Superior Court of New Jersey

DOCKET NO. F- *18980 -01*

**CHANCERY DIVISION**

**COUNTY**

COSTS OF: **PLAINTIFF-** _____

_____

_____

_____

**PLAINTIFF**

**DEFENDANT-** _____

**vs.**

_____

_____

_____

**DEFENDANT**

_____

| | | |
|---|---|---|
| ATTORNEY'S ALLOWANCE BY STATUTE | $ | 50.00 |
| FILING FEES PAID TO CLERK | | 175.00 |
| COUNSEL FEE ALLOWED UNDER R.4:42-9 | | *1054.02* |
| SHERIFF'S FEES FOR SERVICE | | *6* |
| SEARCH COSTS ALLOWED UNDER R.4:42-10 | | *290* |
| PRINTING COSTS FOR PUBLICATION | | *15* |
| COST OF FILING LIS PENDENS | | *10.00* |
| MOTIONS | | |
| OTHER | | |
| TOTAL COSTS | $ | *1600.52* |

DATE TAXED AND FILED: _____ , 2002

ATTORNEY _____

*Donald F. Phelan*

**CLERK, SUPERIOR COURT**

-156- (2/97)

# Exhibit B

# PHELAN HALLINAN & SCHMIEG, PC

400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
(856) 813-5500
Fax (856) 813-5501

Nicole.Reilly@fedphe.com

Nicole Reilly
Legal Assistant Ext. 7569

Representing Lenders in
Pennsylvania and New Jersey

November 3, 2005

Stacey A. Kovilaritch
1633 E. Columbia Avenue
West Deptford, NJ 08086

## Payoff Quote

RE: Stacey A. Kovilaritch
1633 E. Columbia Avenue, West Deptford, NJ 08086
LOAN#: 1500378863
OUR FILE #: CH-3403

Dear Sir/Madam:

Please see below, **payoff** figures, on the above referenced account, per your request.
Please submit a certified check or money order payable to **CHASE HOME FINANCE LLC** for
89,245.62 and forward same to be received in this office, at above address, **no later than**
11/18/05.

| | |
|---|---|
| The amount due under the mortgage is | **$81,169.52** |
| Foreclosure fees | **$900.30** |
| Foreclosure cost | **$7,175.80** |
| The total due to payoff this mortgage is | **$89,245.62** |

## ***THESE FIGURES ARE SUBJECT TO CHANGE AND FINAL VERIFICATION.***

Very truly yours,

*Nicole Reilly*

Reinstatement/Pay off

*This is an attempt to collect a debt. Any information received will be used for that purpose. If you have received a
discharge in bankruptcy, this is not and should not be construed as an attempt to collect a debt. We are only
proceeding against the real estate secured by the mortgage.

Exhibit C

NOV-14-2005(MON) 10:50                                    P. 003
.2005  10:57AM   VISTAR VSA OF MID ATLANTIC          NO.535   P.3

## PHELAN HALLINAN & SCHMIEG, PC

400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
(856) 813-5500
Fax (856) 813-5501

Nicole.Reilly@fedphe.com

Nicole Reilly
Legal Assistant, Ext. 7569

Representing Lenders in
Pennsylvania and New Jersey

November 4, 2005

Stacey A. Kovilaritch
1633 E. Columbia Avenue
West Deptford, NJ  08086

## Reinstatement Quote

Re:    Stacey A. Kovilaritch
       Loan No.: 1500378863
       Premises: 1633 E. Columbia Avenue, West Deptford, NJ
       Our File No.: CH-3403

Dear Sir/Madam:

Please see below **reinstatement** figures on the above referenced account, per your request.
Please submit one certified check or money order payable to **CHASE HOME FINANCE LLC**
for **$18,658.24** to be received in this office, at above address, **no later than 11/10/05.**

| | |
|---|---|
| The arrears on the mortgage are | $11,966.21 |
| Foreclosure fees | $900.30 |
| Foreclosure cost | $5,791.73 |
| The total due to reinstate the mortgage is | **$18,658.24** |

## THESE FIGURES ARE SUBJECT TO CHANGE AND FINAL VERIFICATION.***

Very truly yours,

Nicole Reilly

Nicole Reilly

*This is an attempt to collect a debt.  Any information received will be used for that purpose.  If you have received a
discharge in bankruptcy, this is not and should not be construed as an attempt to collect a debt.  We are only
proceeding against the real estate secured by the mortgage.

Exhibit D

# SILK ABSTRACT COMPANY

form HUD-1A/09/Lat. RFBPA
**SETTLEMENT STATEMENT**
Optional Form for Transactions without Sellers
U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265 (expires 11/30/2005)

File Number: NJ-07-21735     Loan Number: TAM014248
Mtg. Ins. Case Number:
Settlement Date: 03/26/2007     Disbursement Date: 03/30/2007
Settlement     Silk Abstract Company
Agent:   Telephone: 610-994-8600 Fax: 610-994-8700
Place of     1000 Germantown Pike, Suite J-4
Settlement:     Plymouth Meeting, PA 19462

Name & Address of Borrower:
Stacey A. Coleman
169 Columbia Avenue, Thorofare, NJ 08086

Name and Address of Lender:
BNC Mortgage, Inc.
1801 Main Street, Irvine, CA 92614

Property   169 Columbia Avenue, Thorofare, NJ 08086
Location   Township of West Deptford

TitleExpress Settlement System

| L. Settlement Charges | |
|---|---|
| 800. Items Payable in Connection with Loan | |
| 801. Loan Origination Fee 0.624% to BNC Mortgage, Inc. | 699.00 |
| 802. Loan Discount 1.000% to BNC Mortgage, Inc. | 1,440.00 |
| 803. Appraisal Fee to MBA Appraisals | 350.00 |
| 804. Credit Report | |
| 805. Broker Fee to FAMILY HOME LENDING CORP | 3,600.00 |
| 806. Flood Cert Fee to First American Flood data | 17.00 |
| 807. Assumption Fee | |
| 808. | |
| 809. | |
| 810. | |
| 811. | |
| 900. Items Required by Lender to be Paid in Advance | |
| 901. Interest From 03/30/2007 to 04/01/2007 @$28.4600 per day | 56.92 |
| 902. Mortgage Insurance Premium for to | |
| 903. Hazard Insurance Premium for to | |
| 904. | |
| 1000. Reserves Deposited with Lender | |
| 1001. Hazard Insurance  4 mu. @ $  33.58 per month | 134.32 |
| 1002. Mortgage Insurance  mo. @ $  per month | |
| 1003. City Property Tax  mo. @ $  per month | |
| 1004. County Property Tax  4 mo. @ $  212.00 per month | 848.00 |
| 1005. School Taxes  mo. @ $  per month | |
| 1006.  mo. @ $  per month | |
| 1007.  mo. @ $  per month | |
| 1008.  mo. @ $  per month | |
| 1008. Aggregate Analysis Adjustment | -0.28 |
| 1100. Title Charges | |
| 1101. Settlement or closing fee to Silk Abstract Company | 375.00 |
| 1102. Abstract or title search | |
| 1103. Title examination | |
| 1104. Title insurance binder | |
| 1105. Elec. Document Delivery Fee to Silk Abstract Company | 50.00 |
| 1106. Notary/Clerical Fees | |
| 1107. Attorney's fees | |
| (includes above items No. ) | |
| 1108. Title Insurance to Silk Abstract Company | 621.40 |
| (includes above items No. ) | |
| 1109. Lender's Policy $ 144,000.00 - 473.00 | |
| 1110. Owner's Policy $ - | |
| 1111. Alta 8.1 EPL, Alta 9 Ins to Silk Abstract Company | 50.00 |
| 1112. Alta 6 ARM, Survey End to Silk Abstract Company | 50.00 |
| 1113. Clsg Service Ltr to Stewart Title Guaranty Company | 25.00 |
| 1200. Government Recording and Transfer Charges | |
| 1201. Recording Fees : Mortgage $220.00 | 220.00 |
| 1202. Realty Transfer Fee | |
| 1203. Release of Mortgage(s) | |
| 1204. Mortgage Tax | |
| 1205. | |
| 1300. Additional Settlement Charges | |
| 1301. Mtg. Satisfaction Demand Fee to Silk Abstract Company | 75.00 |
| 1302. Pest Inspection | |
| 1303. Wire Fee to Silk Abstract Company | 20.00 |
| 1304. Courier Fee to Silk Abstract Company | 64.00 |
| 1305. Deed Preparation to Ronald G. Vent, Esquire | |
| 1306. | |
| 1307. | |
| 1308. | |
| 1400. Total Settlement Charges   (enter on line 1802) | 8,295.36 |

| M. Disbursement to Others | |
|---|---|
| 1501. Payoff 10-1500378063-000 | 72,198.60 |
| to Chase Home Finance LLC | |
| 1502. PAYMENT | 33.00 |
| to FARM FAMILY CAUSALTY | |
| 1503. 07 2ND QUARTER TAXES | 635.86 |
| to Tax Collector | |
| 1504. WATER AND SEWER | 386.52 |
| to Tax Collector | |
| 1505. | |
| 1506. | |
| 1507. | |
| 1508. | |
| 1509. | |
| 1510. | |
| 1511. | |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1516. | |
| 1517. | |
| 1518. | |
| 1519. | |
| 1520. TOTAL DISBURSED | 73,253.98 |
| (enter on line 1603) | |

| N. NET SETTLEMENT | |
|---|---|
| 1600. Loan Amount | 144,000.00 |
| 1601. PLUS Cash/Check from Borrower | 0.00 |
| 1602. MINUS Total Settlement Charges (line 1400) | 8,295.36 |
| 1603. MINUS Total Disbursements to Others (line 1520) | 73,253.98 |
| 1604. EQUALS Disbursements to borrower (after expiration of any applicable rescission period required by law) | 62,450.66 |

I hereby certify this to be a true and correct copy of the original
by _____ Silk Abstract Company

I have carefully reviewed the HUD-1A Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1A Settlement Statement.

BORROWER _____

The HUD-1A Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.
SETTLEMENT AGENT _____     DATE _____

**Exhibit E**

UNITED STATES DISTRICT COURT
**DISTRICT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

**LEWIS G. ADLER, ESQUIRE**
**26 NEWTON AVENUE**
**WOODBURY, NJ 08096**
**(856)845-1968**
**ATTORNEY FOR PLAINTIFF**

---

| | |
|---|---|
| **STACY COLEMAN, fka Stacy Kovilaritch** : | |
| **individually and as a class representative** : | |
| **On behalf of others similarly situated** : | |
| **Plaintiff,** : | |
| : | **1:08-cv-2215 (NLH)(JS)** |
| **vs.** : | |
| : | **CIVIL ACTION** |
| **CHASE HOME FINANCE, LLC.** : | |
| **Successor by merger to** : | **FIRST AMENDED** |
| **CHASE MANHATTAN MORTGAGE** : | **CLASS ACTION** |
| **CORP. and John Doe 1-100** : | **COMPLAINT AND** |
| **and John Doe Servicers 1-100** : | **JURY TRIAL DEMAND** |
| **Defendant.** : | |

---

Plaintiff, by her attorney, individually, and as private attorneys general, and on behalf of all others similarly situated, hereby makes the following complaint:

Plaintiff, STACY COLEMAN fka Stacy Kovilaritch, residing at 169 Columbia Avenue, Thorofare, County of Gloucester and State of New Jersey, by way of Complaint against the Defendant, says:

## PARTIES

1.     The Plaintiff owns the residential property located at 169 Columbia Avenue, Thorofare, County of Gloucester, New Jersey.

2.     The Defendant, CHASE Home Finance, LLC   a Delaware limited liability company is the successor by merger  to CHASE MANHATTAN MORTGAGE, CORPORATION, a NEW JERSEY Corporation, (Chase) solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

## VENUE AND JURISDICTION

3.     This action is a civil action over which this Court has original jurisdiction pursuant to 28 USC 1332(d), as amended by the Class Action Fairness Act, Pub. L. No. 109-2,119 Sta. 4 (2005). This is a class action in which at least one member of the class of the Plaintiff is a citizen of a state different from that of the Defendant and the amount in controversy exceeds the sum of $5,000,000.00, exclusive interest and costs.

4.     Plaintiff seeks to represent a class and pursue a class recovery under               . See 28 USC 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute...authorizing an action to be brought by 1 or more representative persons as a class action.")

2

5.      The diversity requirement of Section 1332(d)(2), as amended by the Class
        Action Fairness Act, is satisfied when "any member of a class of plaintiffs is a
        citizen of a State different from any defendant" Id. 1332(d)(2)(A).

6.      The Defendant is a Delaware Limited Liability Company.

7.      The Plaintiff is a resident of the State of New Jersey.

8.      The proposed class will not be composed of or limited to citizens from the
        state of Delaware. The Plaintiff proposes a class as 1) Individuals who have
        had home loans held or serviced by the Defendant in the State of New Jersey
        from sixteen years prior to the filing of the complaint through the date of class
        certification, 2) individuals who received a payoff or reinstatement statement
        from the Defendant whose home loan was in default, 3) individuals who were
        charged attorneys fees and/or other costs which were in excess of the amount
        actually incurred and/or in excess of the amount allowed by law.

9.      A subclass exists for claims from six years prior to the filing of the complaint
        through the date of class certification which includes claims under the New
        Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer
        Contracts, Warranty and Notice Act.

10.     The class damages sought by the Plaintiff are to be aggregated for purposes of
        calculating the amount in controversy.  The Plaintiff will be seeking actual
        damages, treble damages and punitive damages plus attorneys fees and costs
        of suit. The Plaintiff anticipates that the damages will average $5000.00 per
        class member.

11.     The Defendant has averaged 600 to 1000 foreclosures per year since 2002.
        The class size is anticipated to be in excess of 3000 members. The total
        aggregated damages would be at least $15,000,000.00.

## CLASS ACTIONS ALLEGATIONS

12.     The Plaintiff brings this action on  behalf of all persons similarly situated and
        pursuant to Fed. R.Civ.P. 23 as a class action on behalf of a statewide class of
        persons as defined in paragraph 8 above.

13.     The claims of the named class representative and the absent class members
        have a common origin and share a common basis. Their claims originate from
        the same illegal, fraudulent, unconscionable and/or negligent business
        practices of the Defendant, and the Defendant act in the same way toward the
        Individual Plaintiff and the members of the class. As such, the individual
        Plaintiff has been a victim of the unconscionable business practices.

14.     The Plaintiff proposes a class as 1) Individuals who have had home loans held
        or serviced by the Defendant, Chase in the State of New Jersey from sixteen
        years prior to the filing of the complaint through the date of class certification;
        and 2)  who received a payoff or reinstatement statement from the Defendant
        whose home loan was in default; 3)and who were charged attorneys fees
        and/or other costs which were in excess of the amount actually incurred and/or
        in excess of the amount allowed by law.

4

    A) A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

15.    The Plaintiff proposes a national class as 1) Individuals who have had FHA home loans held or serviced by the Defendant, Chase from sixteen years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by FHA regulation.

16.    At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

    a) they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

    b) they charged attorneys fees and costs in excess of those actually incurred;

    c) costs of suit charged to the class was excessive in violation of statute and court rule;

    d) recording fees charged were excessive of the actual fee incurred;

e) over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f) charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g) other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not a cost which can be charged to a borrower.

17. The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

18. The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representative.

19. The members of the class are so numerous that joinder of all members is impracticable. The Defendents engage in thousands of foreclosures per year. The class is ascertainable as the names and addresses of all class members can be identified in the business records maintained by the Defendants.

20. Questions of fact and law common to the class that predominate include but are not limited to:

I. Did Chase breach their contractual obligations to the class members by having imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and charges?

II. Did Chase engage in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

a. Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

b. Imposing and collecting excessive interest;

c. Misleading or otherwise misinforming customers about the amounts properly due and owing;

d. Engaging in conduct that violates state and federal consumer protection laws; and

c. Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

III. Did Chase engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

a. Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

b. Imposing and collecting excessive interest;

c. Misleading or otherwise misinforming customers about the amounts properly due and owing;

d. Engaging in conduct that violates state and federal consumer protection laws; and

e. Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

IV. Did Chase represent to the Plaintiff that they are entitled to collect various loan charges that were not legally due and owing?

V. Did Chase collect monies that are not due and owing under applicable law which resulted in unjust enrichment of the Defendant Chase?

21.   The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

22.   The self-interest of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to well and truly protect the interests of the absent class members.

23.   The named individual Plaintiff has engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action and will assert, protect, and otherwise well represent the named class representative and absent class members.

24.   The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

25.   The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying applications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would be necessarily the same

essential facts, proof and legal theories, would also create and allow ot exist inconsistent and incompatible rights within the class.

26.     The Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

27.     The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

    a)  individual claims by the class members are impractical as the costs of pursuit far exceed what any one Plaintiff or class member has at stake;

    b)  as a result, there has been very little litigation over the controversies herein; and individual members of the class have no interest in prosecuting and controlling separate actions; and

    c)  the proposed class action is manageable.


## BACKGROUND

29.     The mortgage and note dated October 28, 1997 executed by the Plaintiff are documents signed under seal which was originated by Eastern American Mortgage, Co.

**30.**     Eastern American Mortgage, Co. was a non-depository licensed lender licensed in the State of New Jersey pursuant to NJSA  17:11C-1. et seq.

31.     The loan was assigned from Eastern American Mortgage Co. to Chase Manhattan Mortgage Corporation on or about October 28, 1997.

32. The Defendant, Chase through its agents and attorneys, Phelan Hallinan & Schmieg, PC began foreclosure proceedings against the Plaintiff on the mortgage on or about October 26, 2001 under the caption Chase Manhattan Mortgage Corporation v. Stacey Kovilaritch et al.; Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-18980-01.

33. On or about August 1, 2002, the Defendant obtained a final judgment and writ of execution from the Superior Court. Exhibit A.

34. The Plaintiff reinstated the mortgage with Chase on or about January 17, 2006 by paying approximately $18,658.24 as reflected in the reinstatement quote of November 4, 2005 by Nicole Riley of Chase which included mortgage arrears of $11,966.21, foreclosure fees of $900 and foreclosure costs of $5791.73. Exhibit B.

35. The payoff as of November 4, 2005 was alleged to be $89,245.62 by Chase as reflected in the payoff quote prepared by Nicole Riley of Chase. Exhibit C.

36. The final judgment allowed total taxed costs of only $1600.52 inclusive of attorneys fees and all costs of suit.

37. The Defendant demanded and was paid costs and fees of $6691.73 which was $5091.21 over the amount allowed in the judgment.

38. The reinstatement and payoff quotes provided by Chase to the Plaintiff included excess and/or unincurred charges including attorneys fees and costs of suit which were in excess of the amount allowed under the law and final judgment.

39.     The Defendant in calculating both the payoff and reinstatement quotes continued to use the contract rate of interest and not the judgment rate of interest.

40.     The Plaintiff paid the full amount demanded by Chase to reinstate the mortgage.

41.     Upon receipt of the reinstatement funds from the Plaintiff, the Defendant failed to reinstate the mortgage, and vacate and/or dismiss the foreclosure.

42.      On or about April 4, 2007 the Plaintiff paid off the mortgage with Chase in full by paying the amount of $72,198.60 as reflected in the attached HUD-1. Exhibit D.

## FACTUAL ALLEGATIONS:
## DEFENDANT'S WRONGFUL CONDUCT

43.     At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a)     they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

b)     they charged attorneys fees and costs in excess of those actually incurred;

c)     costs of suit charged to the class was excessive in violation of statute and court rule;

d)     recording fees charged were excessive of the actual fee incurred;

11

e)      over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f)      charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g)      other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not an expense which can be charged to a borrower.

COUNT I

BREACH OF CONTRACT

44.      Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

45.      Chase services loans evidenced by standard form notes and mortgages which are executed under seal, the relevant provisions of which are uniform.

46.      In the instant case, the mortgage note provides in paragraph 7(C)" If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this note to the extent not prohibited by applicable law."

47.      The mortgage provides in paragraph 10 that "Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account

12

current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding."

48.     The mortgage is a FHA mortgage subject to the regulations of the Secretary.

50.     The FHA regulations 24 CFR 203.552(b) provides that "*reasonable and customary* fees must be predicated upon the actual cost of work performed including out-of-pocket expenses. Directors of HUD Area and Insuring Offices are authorized to establish maximum fees and charges which are reasonable and customary in their areas. Except as provided in this part, no fee or charge shall be based on a percentage of either the face amount of the mortgage or the unpaid principal balance due on the mortgage."

51.     The Secretary by regulation effective December 1, 1998 defined reasonable and customary attorneys' fees in New Jersey to be capped at $1000.00. The figure was increased to $1300 effective October 1, 2001. The figure was last increased to $1350 effective September 1, 2005.

53.     Chase in the final judgment of foreclosure dated August 1, 2001 requested a total fee of $1104.00; $1054 based upon a percentage of the unpaid principal balance due on the mortgage plus the statutory minimum of $50.

53.     Chase's fee request in the final judgment was in excess of the amount allowed under the regulations by $104 an over 10% premium.

54.     Chase's fee request in the reinstatement quote of $6691.73 which was paid by the Plaintiff was in excess of the amount allowed by the FHA regulations, the final judgment of foreclosure and New Jersey Law.

55.     Chase has imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and other charges in violation of paragraph 7(C) of the Note and paragraph 10 of the mortgage.

56.     Chase has breached its contracts with plaintiff and members of the class.

57.     Plaintiff and Class members are entitled to relief for breach of contract.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT II

## INTENTIONAL MISREPRESENTATION

58.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

59.     Chase has represented to the Plaintiff that Chase is entitled to collect various loan charges that were not legally due and owing as Chase demanded $6691.73 in taxed costs inclusive of attorneys fees and costs of suit.

60.     Chase representations concerning the right to collect such fees and charges were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

61.     Chase knew or should have known that such representations were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

14

62.     Plaintiff relied upon Chase's false representations concerning its entitlement to collect such fees and charges to her detriment as she paid the full amount demanded by Chase.

63.     Plaintiff's reliance was reasonable and justifiable in the circumstances.

64.     Plaintiff has suffered damages of at least $5091.21.

65.     Plaintiff and other class members are entitled to relief for misrepresentation.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, punitive damages, attorney's fees, and cost of suit.

## COUNT III

### NEGLIGENCE

66.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

67.     Chase owed plaintiff and other Class members a duty of care with respect to servicing their mortgage loans  that those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship.

68.   Chase's conduct with respect to Plaintiff and other Class members was far below applicable standards for mortgage loan servicing.

69.   Chase's conduct was negligent with respect to Plaintiff and other Class members.

70.     As a direct and proximate result of the negligence listed above Plaintiff and the other Class members have suffered damages and are entitled to relief for Chase's negligence.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT IV:

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

71.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

72.     New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

73.     Chase's conduct as aforesaid breached said duty.

74.     Plaintiff and members of the Class are entitled to relief for Chase's breach.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

## COUNT V:  UNJUST ENRICHMENT

75.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

76.     Chase has engaged in unlawful collection activities.

77.     Chase has collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit Chase to collect such fees and charges.

78.     Said conduct sounds in equity under the common law of unjust enrichment, money had & received, and constructive trust.

79.     Chase has been unjustly enriched by its conduct of at least $5091.21.

80.     Plaintiffs and Class members have suffered loss by virtue of Chase's conduct.

81.     Plaintiffs and members of the Class are entitled to relief for unjust enrichment.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, attorney's fees, and cost of suit.

COUNT VI:

UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES

82.     Plaintiff incorporates by reference all the foregoing paragraphs.

83.     In the course and conduct of their loan servicing and collection, defendant in numerous instances, has represented, expressly or by implication, that fees assessed and collected by Chase were (a) allowed under, the mortgage contract and (b) permitted by law.

84.     In the instant case, the final judgment in the foreclosure allowed total taxed costs of $1600.52. Chase demanded and collected $6691.73. This is an overpayment and overcharge of $5091.21.

17

85.     On numerous occasions, the fees assessed and collected by Chase were (a) not allowed under the mortgage contract and/or (b) not permitted by law.  Nonetheless, Chase improperly assessed and collected these fees.

86.     Defendants' actions have caused and are likely to cause substantial injury to consumers.  This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

87.     Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT VII:

### Fair Foreclosure Act

88.  The Plaintiff repeats each and every allegation of the previous paragraphs and incorporate them by reference herein as if they were set forth fully herein.

89.  The Fair Foreclosure Act limits the amount of costs and attorney's fees which may be collected from a debtor in a mortgage foreclosure. Specifically,  N.J.S.A. 2A:50-57 (b)(3) of the Act prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

90.  The Defendants' charges for costs and attorneys fees were in excess of the amount allowed pursuant to the statute and court rules.

91. The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

92. The Defendant was paid $6691.73.

93. The Plaintiff demands a return of the $5091.21 in excess charges.

94. The Defendants' acts or practices in violation of the Fair Foreclosure Act are either directly actionable under the act or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT VIII

### New Jersey State Court Rule

95.     The Plaintiff repeats each and every allegation of the previous count and incorporates them by reference herein.

96.     The Defendant's charges for costs and attorneys fees were in excess of the amount allowed pursuant to New Jersey court rule R 4:42-9(a)(4) and R 4:42-10 (a).

97.     The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

98.     The Defendant was paid $6691.73.

99.     The Plaintiff demands a return of the $5091.21 in excess charges.

100.        The Plaintiff requests the return of the excess charges with interest.

101.        The Defendants' acts or practices in violation of the New Jersey Court Rules are either directly actionable under the act or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

19

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT IX

### Excessive Taxed Costs in Violation of State Statutes

102.    The Plaintiff repeats each and every allegation of the previous count and incorporates them by reference herein.

103.    The Defendant's charges for costs  were in excess of the amount allowed pursuant to New Jersey law including but not limited to

a)    NJSA 22A:2-10 which allows costs in a foreclosure of $50.00;

b)    NJSA 22A:2-10 which allows costs for a writ of execution of $10.00;

c)    NJSA 22A:2-8 which allows the filing fee of $200;

d)    NJSA 2A:15-13 which allows a maximum of $50 for the filing of the  lis pendens;

e)    NJSA 22A:2-8 which allows a maximum of $35 for service of process per defendant;

f)    NJSA 22A:2-8 which allows for the actual costs of service of process by publication;

g)    NJSA 22A:2-8 which allows for the actual costs of service of process by mail;

104.    The Plaintiff requests the return of the excess charges with interest.

20

105.  The Defendants' acts or practices in violation of these statutes are either directly actionable under these acts or constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

## COUNT X

### New Jersey Consumer Fraud Act

106.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

107.  The Defendant has charged and received the illegal and/or excessive charges as outlined previously. The Defendant's charges for costs and attorneys fees were in excess of the amount allowed pursuant to New Jersey court rules R 4:42-9(a)(4) & R 4:42-10 (a).

108.  The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

109.  The Defendant demanded and was paid $6691.73 for attorneys' fees and costs of the foreclosure.

110.  The actions of the Defendant constitute a per se unconscionable business practice in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2 et seq.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, treble damages, attorney's fees, and cost of suit.

21

## COUNT XI

### Forfeiture of Interest

111.  The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

112.  The Defendants have charged and received the illegal and/or excessive interest on the loan; specifically by collecting the contract rate of interest after the entry of the final judgment of foreclosure which requires the collection of the judgment interest rate.

113.  NJSA 31:1-3 provides that upon the collecting of illegal interest; all interest upon the loan is forfeited and only the principle may be collected.

114. The Plaintiff demands  a return of all interest paid on the mortgage pursuant to NJSA 31:1-3.

WHEREFORE, the Plaintiff demands judgment against the Defendant for return of all interest paid on the loan, attorney's fees, and cost of suit.

## COUNT XII

### Truth-In-Consumer Contract, Warranty and Notice Act

115.    The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

116.    The Defendant's  notices for reinstatement and payoff included  illegal and/or excessive charges  on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, excessive interest and other charges as outlined previously.

117.    The notices which demanded such illegal payments are a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act.  N.J.S.A. 56:12-14

118.    The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, statutory penalty of $100, attorney's fees, and cost of suit.

## COUNT XIII

### John Doe Parties

119.    In addition to the persons named as defendants, there may be others whose names are unknown to the Plaintiff and/or after diligent inquiry has not been able to ascertain. They are made parties to this action under the designation of John Does1-100.

120.    John Doe Servicer 1-100 are the unknown servicers of mortgages held by the Defendant Chase.

### PRAYER FOR RELIEF

Wherefore Plaintiff requests that this court certify a class pursuant to Rule 23 and award:

1.    Actual, special, and general damages according to proof;

2.    Statutory damages and penalties;

3.    Restitution and disgorgement according to proof;

4.    Injunctive relief against Defendant to ensure uniform standards of servicing conduct towards all class members and to prevent future

23

wrongful conduct;

5.      Prejudgment interest at the maximum legal rate;

6.      Punitive, exemplary and enhanced damages according to proof;

7.      Statutory punitive treble damages;

8.      An accounting;

9.      A return of all interest paid upon the mortgages;

10.     Declaratory Judgment as necessary to correct the wrongs inflicted on them;

11.     Litigation Expenses and Costs of the proceedings herein;

12.     Reasonable attorneys' fees; and

13.     All such other further relief as the Court deems just.

DESIGNATION OF TRIAL COUNSEL

The undersigned and  Roger C. Mattson, Esq. are designated as trial counsel.

DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all issues of  fact and/or law.

CERTIFICATION

I  hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

**/s/ Lewis G. Adler Esquire**

Dated: _10/4//08____       **LEWIS G. ADLER, ESQ.**
**26 Newton Avenue**
**Woodbury, NJ 08096**
**(856) 845-1968**
**Attorney for Plaintiff**