# Lewis G. Adler, Esq.
**26 Newton Avenue**
**Woodbury, NJ 08096**
**(856) 845-1968 voice**
**(856) 848-9504 fax**
February 27, 2009

Honorable Noel L. Hillman, USDJ
Mitchell H. Cohen Courthouse
Rm 5020
1 John F.Gerry Plaza
Camden, NJ 08101

RE: Coleman v. Chase
    Case No. 1:08-cv-2215

Dear Judge Hillman:

   Please accept this letter in lieu of a more formal sur-reply concerning the motions to dismiss filed by the Defendants in this matter.

   The New Jersey Supreme Court on February 19, 2009 entered a decision in the case of *Bosland v. Warnock Dodge (*A-97-07) (A true copy of which is attached) concerning two of the pending issues before the court: the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.

   The facts in *Bosland* are very similar to the essential facts of the instant case. The Plaintiff, Rhonda Bosland, purchased a new vehicle from the Defendant, Warnock Dodge. As part of the purchase price of the vehicle the Defendant included a charge of $117 as a registration fee. Her claim was that she was overcharged by the Defendant between $20 and $40 in violation of the applicable automobile regulations. Rather than demanding a refund, the Plaintiff filed suit alleging violations the *New Jersey Consumer Fraud Act* (CFA) and the *New Jersey Truth-In-Consumer Contract, Warranty and Notice Act*. (TCCWNA)

   In the instant case, the Plaintiff was overcharged for attorneys fees and costs of suit by the Defendant when the payoff of the mortgage was calculated in violation of foreclosure judgment, FHA regulations, New Jersey Statutes and Court Rules. The Plaintiff paid the sums requested and subsequently brought suit.

In *Bosland,* the trial court dismissed the consumer fraud count of the complaint reasoning that "Plaintiff never complained about these overages, so it seems counterintuitive to consider these fees unconscionable and an ascertainable loss. Instead these fees were Defendant's profit or fees for processing or handling these papers which Plaintiff, as a consumer, paid without objection" *Id at* 5.

In analyzing the TCCNWA claim, the court found that the Plaintiff had failed to establish that the contract had violated any clearly established right as required under the act. *Id at 5.*

The third count of the complaint which alleged unjust enrichment was dismissed because the plaintiff could not provide any evidence that the defendant had received any benefit separate and distinct from the written contract.

The Appellate Division reversed in part and affirmed in part. The Appellate Division affirmed the dismissal of the count for unjust enrichment. The Court reversed the dismissals of the CFA and TCCNWA counts.

The Supreme Court in its decision of February 19, 2009 affirmed the decision of the Appellate Division.  The decision is important in many ways. First, by affirming the Appellate Division concerning the TCCNWA claim, the Court has addressed for the first time elements of proof for a TCCNWA claim. The Appellate Division reinstated the TCCWNA claim holding that proof of the CFA allegations also sufficed to support a claim that the contract violated a clearly established legal right. *Id at* 7.

The Supreme Court rejected the idea that a Plaintiff must seek a refund from Defendant prior to bringing suit. The Court noted that the CFA is a remedial statute. The history of the CFA is one of constant expansion of consumer protection. The Court construes the CFA broadly, not in a "crabbed fashion." *Id at* 15 [internal citations ommited]

The Court reiterated that for analytical purposes there exists three types of claims under CFA: affirmative acts, claims asserting knowing omissions and claims based on regulatory violations. Intent is not an element if the claims are the result of the defendant's affirmative act or as the result of a violation of a regulation. A violation of a regulation results in strict liability. *Id at 15-16.* Intent is only required in cases based on the defendant's omission. In that case, there must be a showing that the defendant acted with knowledge, and intent is an essential element of fraud.

In applying the law to the Plaintiff's claim the court held that the complaint was based on a claimed regulatory violation, she was not required to prove defendant's intent. *Id at 16.* In such a case, there are only three elements required to establish a prima facie case: 1) unlawful conduct by defendant; 2) an ascertainable loss by Plaintiff and 3) a casual relationship between the unlawful conduct and the ascertainable loss. *Id at* 16 [internal citations ommited]

In the instant case, the Defendant has argued that the Plaintiff has failed to plead a prima facie case for a violation of the CFA. The Plaintiff has pled a prima facie case. The Plaintiff has alleged that the Defendant, Chase has violated the foreclosure judgment, FHA regulations, New Jersey Statutes and Court rules concerning the charging of attorneys fees and costs to the Plaintiff. The Plaintiff paid the money demanded thus suffering an ascertainable loss. The Plaintiff has pled that she made the payment and suffered damages of least $5091.21. The Plaintiff has established the causal relationship between the Defendant's unlawful conduct and her loss. Specifically, if the payoff had been prepared with the proper formulas, the Plaintiff would have not suffered any damages.

The Supreme Court reiterated the public policy rationale of the CFA. "When confronted, as we are here, with a plaintiff who asserts that she was the victim of an overcharge which itself is small in amount, and who seeks recovery for herself and on behalf of numerous others with 'nominal' claims, we cannot overlook the reality that, without the remedy the CFA affords, all of those wrongs might go unvindicated." *Id at 22.* "We discern in the CFA a clear expression of the Legislature's intent to empower consumers who seek to secure relief for themselves and for others who may not be aware that they have been victimized." *Id at 23.*

In the instant case, the Plaintiff seeks to redress the wrongs not just to herself but also to others similarly situated.

Just as in *Bosland,* the Plaintiff has also pled a prima facie case under the TCCNWA. The Plaintiff has pled a prima facie case under the CFA. The same FHA regulations, New Jersey Statutes and New Jersey Court Rules establish the legal rights which were violated by the Defendant in the CFA claim form the basis of the violation of the TCCNWA.

In light of the New Jersey Supreme Court's decision, the Plaintiff would dismiss count V for unjust enrichment.

As a matter of law, the Court must deny the Defendant's motion to dismiss the Plaintiff's claims for violation of the CFA and the TCCNWA.


Respectfully submitted,



Lewis G. Adler, Esq.

Cc:    Honorable Joel Schneider, USMJ
       Francis X. Manning, Esq.