STRADLEY, RONON, STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
Francis X. Manning
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400

and

BURKE, WARREN, MacKAY & SERRITELLA, P.C.
LeAnn Pedersen Pope (*pro hac vice*)
Stephen R. Meinertzhagen (*pro hac vice*)
330 N. Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
312-840-7000 (Telephone)
312-840-7900 (Facsimile)

Attorneys for Defendant
Chase Home Finance LLC

UNITED STATES COURT DISTRICT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| STACY COLEMAN, fka Stacy Kovilaritch: individually and as a class representative on behalf of others similarly situated, | No. 1:08-cv-02215-NLH-JS |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY** |
| CHASE HOME FINANCE, LLC, successor-by-merger to CHASE MANHATTAN MORTGAGE CORP. and John Doe 1-100 and John Doe Servicers 1-1-100, | |
| Defendant. | |

Coleman filed her sur-reply solely for the purpose of bringing to this Court's attention the New Jersey Supreme Court's recent decision in *Bosland v. Warnock Dodge, Inc.*, --A2d.--, 2009 WL 414336 (N.J. Feb. 19, 2009). Coleman contends that this decision supports her opposition to those portions of Chase's pending Rule 12(b)(6) motion to dismiss directed against her claims under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2, and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12-14 to -18. However, none of the issues addressed in *Bosland* are relevant to any of the bases for dismissal set forth in Chase's moving papers.

Chase seeks dismissal of all Coleman's claims under the New Jersey entire controversy doctrine. This doctrine is not at issue, and is not mentioned, in *Bosland*.

Chase also seeks dismissal of Coleman's NJCFA claims because they fail to comply with Rule 9(b). Coleman fails to allege with particularity the charges that she contends were improper, and also fails to allege a coherent theory sufficient to put Chase on notice of why she contends these unspecified charges were improper.[1] Likewise, Chase also seeks dismissal of Coleman's TCCWNA claim because the reinstatement quote on which it is based is not a "written consumer contract," "written consumer warranty," "notice," or "signed" under the TCCWNA, and even if it were, it does not contain any provision violating any clearly established right of Coleman. See N.J.S.A. 56:8-15. None of these issues is addressed in *Bosland*.

---

[1]   On page three of her sur-reply, Coleman says that she "has pled that she made the payment [contained in a reinstatement quote] and suffered damages of at least $5,091.21." However, Coleman arrives at this figure by simply taking the difference between the total attorneys' fees and costs ($6,691.73) contained in the reinstatement quote, less the amount reflected in the final judgment of foreclosure ($1,600.52). She does not state the particular charges in the reinstated quote she contends were improper, and her theory that the reinstatement quote is fraudulent simply because it contains an amount that this is greater than the foreclosure judgment is flawed because the foreclosure judgment was vacated, it was subject to amendment (and was amended), and charges were permitted to be automatically added to it, as fully set forth on pages 8 and 9 of Chase's reply brief.

The *Bosland* Court was confronted with the issue of whether a plaintiff could proceed with an NJCFA claim (and a derivative TCCWNA claim) without having requested a refund of the claimed overcharge before instituting litigation.  The *Bosland* Court held that "there may be circumstances in which requiring a pre-suit demand for relief might be appropriate," but no such requirement is contained in the statutory language of the NJCFA.  Because Chase made no argument concerning whether Coleman was required to make a request for a refund, this holding is irrelevant to Chase's motion to dismiss.[2]

Because *Bosland* is not relevant to any of the issues raised in Chase's pending motion to dismiss, the Court should disregard Coleman's sur-reply in deciding Chase's motion.

---

[2]   This Court recently issued an unpublished opinion in *Allen v. LaSalle Bank, N.A.*, Civil No. 08-2240 (AET) which the Court may find relevant to Chase's pending motion to dismiss.  (See the attached January 30, 2009 Opinion).  In that case, the plaintiff (Allen) asserted claims against a lender and its agents based upon allegedly improper foreclosure and bankruptcy fees and costs contained in various communications, including a payoff quote.  Allen was represented the same counsel as Coleman in the instant case, and just as in this case, she had also been represented by those same counsel at the time of the underlying foreclosure action.  In granting dismissal of Allen's federal claims, Judge Thompson held at that,

> The Court finds that each of these alleged overcharges and deceptive statements would be readily recognized as overcharges by a competent attorney representing a debtor in a foreclosure action.  Such an attorney can be assumed to be familiar with the provisions of his or her own client's mortgage agreement.  Similarly, such an attorney would be familiar with the usual costs associated with prosecuting a foreclosure action and would be on guard for overcharges of costs and fees normally assessed in such actions.  Therefore, the Court concludes that none of these alleged overcharges and deceptive statements would in fact deceive a competent attorney representing a debtor in a foreclosure action. (See page 11).

Although the reinstatement quote that she alleges contained improper charges was sent to Coleman, and not her counsel in this case, her counsel herein had represented her for almost four years at the time she reinstated her loan. (See Chase's reply brief, p. 8 at footnote 5).

DATED: <u>March 9, 2009</u>                 Respectfully submitted,


                                        <u>s/Francis X. Manning</u>
                                        Francis X. Manning
                                        Andrew K. Stutzman
                                        STRADLEY, RONON, STEVENS & YOUNG, LLP
                                        A Pennsylvania Limited Liability Partnership
                                        Woodland Falls Corporate Park
                                        200 Lake Drive East, Suite 100
                                        Cherry Hill, NJ 08002
                                        (856) 321-2400
                                        fmanning@stradley.com
                                        astrutzman@stradley.com




                                        <u>Of Counsel</u>
                                        LeAnn Pedersen Pope (*pro hac vice*)
                                        Stephen R. Meinertzhagen (*pro hac vice*)
                                        Burke, Warren, MacKay & Serritella, P.C.
                                        330 North Wabash Avenue, 22nd Floor
                                        Chicago, IL 60611
                                        (312) 840-7000
                                        lpope@burkelaw.com
                                        smeinertzhagen@burkelaw.com

**CERTIFICATE OF SERVICE**

I, Francis X. Manning, Esquire, hereby certify that on the 9th day of March, 2009, I caused a true and correct copy of the within pleading to be served via the court's electronic server upon the following:

Lewis G. Adler, Esquire
26 Newton Avenue
Woodbury, NJ  08096


s/Francis X. Manning
Francis X. Manning

L # 900854 v.1

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DOROTHY RHUE ALLEN, | : |
| | :     Civil No. 08-2240 (AET) |
| Plaintiff, | : |
| | :     **MEMORANDUM & ORDER** |
| v. | : |
| | : |
| LASALLE BANK, N.A.; CENLAR | : |
| FEDERAL SAVINGS BANK, FSB; FEIN, | : |
| SUCH, KAHN AND SHEPARD, PC, | : |
| | : |
| Defendants. | : |

---

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendants' Motions to Dismiss, [15], [19] and [20]. The Court has decided these Motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motions are granted.

I.      **Background**

     A.      **State Court Action**

On May 7, 2007, Defendant law firm Fein, Such, Kahn & Shepard, PC ("Fein") brought a mortgage foreclosure action in the Superior Court of New Jersey, General Equity against Plaintiff, Dorothy Rhue Allen, on behalf of Plaintiff's mortgage lender, Defendant LaSalle Bank, N.A. ("LaSalle"). (Compl. ¶ 9.)[1]

---

[1] Defendant LaSalle's alleged role in the case is unclear to the Court. The Complaint alleges that Fein filed the foreclosure action on LaSalle's behalf on May 7, 2007 (Compl. ¶ 9),

After the foreclosure action was filed, Plaintiff's attorney requested a payoff statement from Fein. (Compl. ¶ 13.) On June 7, 2007, Fein sent Plaintiff's attorney a letter containing a payoff quote of $3,425.31 for the principal balance due on the loan as well as other charges, to be paid to Defendant Cenlar Federal Savings Bank ("Cenlar"), the "servicer" of Plaintiff's loan, and $2,372.14, to be paid directly to Fein for attorneys fees and other costs. (Compl. ¶¶ 10, 16.) Also on June 7, Fein sent a second letter detailing the fees and costs that made up the $2,372.14 to be paid to Fein. (Compl. ¶ 16.)

In response, Plaintiff filed an Answer, Counterclaim and Third Party Complaint, alleging that Fein's payoff letters violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and gave rise to several state law and common law claims. Defendants moved to dismiss the Counterclaim and Third Party Complaint, but before the state court reached these motions on the merits, LaSalle agreed to release the mortgage and dismiss the foreclosure action. The Superior Court, General Equity then dismissed Plaintiff's Counterclaim and Third Party Complaint without prejudice on March 20, 2008 and directed that any new pleadings be filed in the Superior Court, Law Division because the underlying foreclosure action had been dismissed.

**B.    The Complaint**

Instead of proceeding further in state court, Plaintiff filed the instant putative class action in this Court on May 7, 2008, again asserting claims under the FDCPA as well as several state law and common law claims.

Counts I and II of the Complaint assert the FDCPA claims against Fein and LaSalle respectively. In support of her FDCPA claims against Fein, Plaintiff alleges that the fees and

---

but the Complaint also states that LaSalle did not take assignment of the mortgage until June 12, 2007. (Compl. ¶ 11.) While at least one of LaSalle's arguments in favor of dismissal turns on this discrepancy, the Court will not address it because the Complaint will be dismissed on other grounds.

-2-

costs charged in the payoff letter exceeded those allowable by law and those actually incurred by
Fein, in violation of §§ 1692e(2)(B) and 1692f(1). (Compl. ¶¶ 13, 33.) Specifically, Plaintiff
alleges that the attorneys fees exceeded the amount allowable under New Jersey Court Rule 4:42-
9, the "cost of suit" exceeded the amount allowed under New Jersey Court Rule 4:42-10 and the
recording fee and process service fee exceeded the fees Fein actually incurred in prosecuting the
foreclosure action. (Compl. ¶ 13.) Plaintiff also alleges more generally that Fein used "unfair
and unconscionable collection methods" (Compl. ¶ 33) and "engaged in unfair and/or deceptive
acts and practices" by "imposing and collecting unnecessary and excessive fees and charges not
authorized by the loan documents or by applicable law; imposing and collecting excessive
interest; misleading or otherwise misinforming mortgagors about the amounts properly due and
owing; engaging in conduct that violates state and federal consumer protection laws; and
harassing or otherwise treating mortgagors unfairly and without regard to obligations of good
faith and fair dealing." (Compl. ¶ 36.) Although the Complaint does not specify which sections
of the FDCPA Fein violated by this conduct, the Court construes the Complaint here to be
alleging violations of the "general application" provisions of § 1692d (harassing, oppressive and
abusive conduct), § 1692e (use of false, deceptive or misleading representations) and § 1692f
(use of unfair or unconscionable means), as well as repeating its allegation under § 1692f(1) and
alleging a violation of § 1692e(2)(A) (false representation of the character, amount or legal status
of any debt).

 The Complaint's FDCPA allegations against LaSalle in Count II are identical to those
against Fein in Count I except Count II omits the general allegations under §§ 1692d, 1692e and
1692f and adds an explicit allegation that LaSalle violated § 1692e(2)(A) by "falsely representing
the character, amount or legal status of a debt ...." (Compl. ¶ 40.)

 Counts III through XI of the Complaint assert the state law and common law claims

-3-

against all three Defendants. However, because the Court will dismiss the FDCPA claims

against both Fein and LaSalle, the Court will not address the substance of these supplemental

state law claims.

Defendants each now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's

Complaint for failure to state a claim upon which relief can be granted.

**II.    Analysis**

**A.    Motion to Dismiss Standard**

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon

which relief can be granted, the Court must "accept the complaint's allegations as true, read those

allegations in the light most favorable to the plaintiff, and determine whether a reasonable

reading indicates that relief may be warranted." Umland v. PLANCO Fin. Servs., Inc., 542 F.3d

59, 64 (3d Cir. 2008) (affirming the Third Circuit's formulation of the Rule 12(b)(6) standard

post-Twombley).

Although Plaintiff brought this action as a putative class action, no class has yet been

certified, and until a class is certified, the action is one between the named Plaintiff and the

Defendants only. Therefore, in applying the above standard, the Court will determine whether

the Complaint's allegations are sufficient to state a claim with respect to the named Plaintiffs

themselves, not any unnamed putative class members. See Lum v. Bank of Am., 361 F.3d 217,

225-26 (3d Cir. 2004); Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 659 (3d Cir.

1998), abrogation on other grounds recognized by, Forbes v. Eagleson, 228 F.3d 471 (3d Cir.

2000).[2]

---

[2] The Court notes that even though Rule 23(c)(1)(A) directs the Court to decide whether
to certify an action as a class action at "an early practicable time," dispositive motions, including

-4-

**B.    FDCPA Claims**

1.    15 U.S.C. §§ 1692d, 1692e & 1692f

The FDCPA prohibits debt collectors from engaging in various practices in connection

with collecting consumer debts. As alleged by Plaintiff here, "a debt collector may not engage in

any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt," § 1692d, or "use any false, deceptive, or misleading

representation or means in connection with the collection of a debt," § 1692e, or "use unfair or

unconscionable means to collect or attempt to collect any debt." § 1692f. "Without limiting the

general application" of these three provisions, the FDCPA lists certain examples of prohibited

conduct, including, as alleged by Plaintiff here, "[t]he false representation of the character,

amount or legal status of any debt, or any services rendered or compensation which may be

lawfully received by any debt collector for the collection of a debt" § 1692e(2)(A)-(B), and "[t]he

collection of any amount (including any interest, fee, charge, or expense incidental to the

principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law." § 1692f(1).

The purpose of these provisions is, as stated in the FDCPA itself, to "eliminate abusive

debt collection practices by debt collectors," § 1692(e), that is, to "protect all consumers, the

gullible as well as the shrewd, the trusting as well as the suspicious, from abusive debt collection

---

motions to dismiss under Rule 12(b)(6), may be properly decided before a decision has been
reached regarding class certification. See Estate of Gleiberman v. Hartford Life Ins. Co., 94 Fed.
Appx. 944, 948 (3d Cir. 2004); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1169-70
(3d Cir. 1987); Manual for Complex Litigation (Fourth) § 21.11 (2004). However, because no
class has yet been certified, the Court's decision is binding only on the named plaintiff. Manual
for Complex Litigation (Fourth) § 21.11; 5 Mooré's Federal Practice § 23.81 (2008).

practices." <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 454 (3d Cir. 2006).

      2.    <u>Fein's Motion to Dismiss</u>

Fein argues that the letters it sent are not actionable under the FDCPA because they were sent only to Plaintiff's attorney and not to Plaintiff herself. Fein urges that given the purposes of the FDCPA, to protect "naive consumers," <u>Brown</u>, 464 F.3d at 454, statements made directly to a consumer's attorney should not be actionable under the FDCPA because the consumer's attorney will obviate the need for the FDCPA's protections. Consumers otherwise unable to protect themselves from abusive, misleading and unfair debt collectors, are adequately protected when their attorneys stand interposed between them and the debt collector.

Fein primarily relies on <u>Guerro v. RJM Acquisitions, LLC</u>, 499 F.3d 926 (9th Cir. 2007), for support, noting that the Third Circuit has not addressed this issue. In <u>Guerro</u>, the Ninth Circuit found that the FDCPA exhibited "a congressional understanding that, when it comes to debt collection matters, lawyers and their debtor clients will be treated differently" and concluded that because "[a]ttorneys possess exactly the degree of sophistication and legal wherewithal that individual debtors do not," "communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act." <u>Id.</u> at 935-39. Fein urges that absent Third Circuit precedent, this Court should adopt the Ninth Circuit's holding in <u>Guerro</u>.

      a.    <u>Statements Made Only To Attorneys</u>

While neither the Third Circuit nor any district court in this district has addressed the question of whether statements made only to a debtor's attorney are actionable under the FDCPA, four other Courts of Appeal have considered the question and come to divergent

-6-

conclusions.

Both the Second and Ninth Circuits have concluded that given the purposes of the

FDCPA, statements made only to a debtor's attorney are not actionable per se. Guerro, 499 F.3d

926; Kropelnicki v. Siegel, 290 F.3d 118, 127-28 (2d Cir. 2002). On the other end of the

spectrum, the Fourth Circuit, noting that "communication" is defined broadly under the FDCPA

as "conveying of information regarding a debt directly or indirectly," § 1692a(2), holds that

communications with a debtor's attorney are always to be treated as indirect communications

with the debtor and are therefore actionable. Sayyed v. Wolpoff & Abramson, 485 F.3d 226,

232-33 (4th Cir. 2007).[3]

Recognizing this split in authority between the Ninth and Fourth Circuits, the Seventh

Circuit has rejected the per se approaches of both and found instead that courts must use a

different standard when considering statements made only to a debtor's attorney as opposed to

statements made directly to a debtor. Evory v. RJM Acquisitions Funding, LLC, 505 F.3d 769

(7th Cir. 2007) (citing Guerro and Sayyed).

Specifically addressing §§ 1692d, 1692e and 1692f, the Seventh Circuit noted that the

FDCPA does not exclude any type of person from the scope of these provisions, but rather,

prohibits "harass[ing], oppress[ing], or abus[ing] *any person*," § 1692d, "*any* false, deceptive, or

misleading representation," § 1692e, and "unfair or unconscionable means." § 1692f. Evory, 505

F.3d at 773. That is, "[t]hese sections do not designate any class of persons, such as lawyers,

---

[3] Although the provisions of the FDCPA allegedly violated here, and in Sayyed, are not
limited to "communications" as defined in the statute, the Fourth Circuit nonetheless drew on the
statute's broad definition of "communications" as support for its interpretation of the FDCPA's
reach generally.

-7-

who can be abused, misled, etc., by debt collectors with impunity." Id. However, the Evory

court likewise rejected the Fourth Circuit's holding that statements made to a debtor's attorney

should always be treated as if they were made directly to the debtor. Instead, Evory recognized

that in the usual case, courts measure statements made to a debtor from the perspective of "a

person of modest education and limited commercial savvy" in order to effect the purpose of the

FDCPA to protect unsophisticated consumers. Id. at 774. But, since "a lawyer is less likely to be

deceived, intimidated, [or] harassed," the standard under which a court must evaluate statements

made only to a debtor's *attorney* is whether a competent lawyer would likely be mislead. Id. at

774-75.[4]

     This Court is persuaded by the reasoning of the Seventh Circuit. First, the Court agrees

with the Seventh Circuit's conclusion that the language of §§ 1692d, 1692e and 1692f does not

support per se immunity for statements made to attorneys. Second, while the Third Circuit has

not explicitly addressed the treatment of statements made only to a debtor's attorney, the

approach of the Seventh Circuit is most in line with the Third Circuit's analysis of FDCPA

claims. In the Third Circuit, as in the Seventh Circuit, "lender-debtor communications

---

    [4] In Heintz v. Jenkins, 514 U.S. 291 (1995), the Supreme Court addressed "whether the
term 'debt collector' in the [FDCPA] applies to a lawyer who 'regularly,' *through litigation*, tries
to collect consumer debts." Id. at 292. The Court held that such lawyers are included within the
FDCPA's definition of "debt collector" and therefore affirmed the reversal of the district court's
dismissal of the complaint. However, the communication at issue in Heintz happened to have
been not only sent *by* a lawyer, but also *to* a lawyer, that is, debtor's lawyer. Noting this, the
Fourth Circuit in Sayyed cited Heintz as support for its position that statements made to a
debtor's attorney are actionable under the FDCPA. Sayyed, 485 F.3d at 233. This Court is not
persuaded by the Fourth Circuit's interpretation of Heintz and finds Heintz to be inapposite
because it is clear from the Supreme Court's decision that this issue was not raised before the
Court, let alone decided. See Guerro, 499 F.3d at 937-38 (reading Heintz as not addressing this
issue).

potentially giving rise to claims under the FDCPA ... [are] analyzed from the perspective of the least sophisticated debtor." Brown, 464 F.3d at 454.[5] The Third Circuit adopted this "least sophisticated debtor" standard "in order to effectuate the basic purpose of the FDCPA: to protect all consumers ... [including] the gullible." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (internal quotations, alterations and citations omitted). As a consequence of this reasoning, and as the Seventh Circuit concluded, where a consumer's attorney is interposed between the debt collector and the debtor, the Court need not use such a low standard to determine whether a statement is, for example, misleading because even if the statement may have been misleading to the least sophisticated consumer, the consumer will only be exposed to the statement as filtered through the attorney. See Brown, 464 F.3d at 453 (reflecting the Third Circuit's understanding that statements that are deceptive to those "less experienced" may very well "be obvious to specialists or the particularly sophisticated."). Therefore, the Court will evaluate statements made only to a debtor's attorney from the perspective of the competent attorney, not the least sophisticated consumer. [6]

---

[5] The Third and Seventh Circuits do not agree on the phrasing of this lowered standard, Brown, 464 F.3d at 454 ("least sophisticated debtor"); Evory, 505 F.3d at 774 ("not ... least intelligent consumer" but instead "a person of modest education and limited commercial savvy"), but this minor difference is not important for this analysis.

[6] The Third Circuit has thus far only applied the "least sophisticated debtor" standard to claims under § 1692e, see Brown, 464 F.3d at 453-54, but other courts have applied the same or similar low standard to claims under §§ 1692d and 1692f. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (1985) (applying the least sophisticated debtor standard to a claim under § 1692d) (cited as such an example in Brown, 464 F.3d at 454 n.2); Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (applying the least sophisticated debtor standard to a claim under § 1692f). Further, the Court sees no reason to apply different standards to §§ 1692d and 1692f as opposed to § 1692e, given the Third Circuit's general statement of the purpose of the FDCPA. Therefore, pursuant to the reasoning above, the Court will apply the competent attorney standard to Plaintiff's claims under all three sections, §§ 1692d, 1692e and 1692f. See

Here, Plaintiff does not dispute that the two letters that allegedly violated the FDCPA

were sent directly, and only, to the attorney representing her in the state foreclosure action, (Pl.'s

Opp'n 8-9), and the Complaint and the letters themselves support that conclusion.[7]   (See Compl.

¶ 13 ("After the Plaintiff was served with the foreclosure complaint, her attorney requested a

payoff statement of the mortgage."); Decl. of Daniel C. Green, Ex. A [docket # 16] (letter

addressed to "Roger [Mattson]").)[8]   Therefore the Court will evaluate the statements in the letters

from the perspective of a competent attorney representing a client in a foreclosure action.

                    b.        Fein's Statements

        Plaintiff's FDCPA allegations are properly summarized as follows: Fein's payoff letters

(1) charged costs and attorneys fees in excess of that allowed under New Jersey Court Rules, (2)

charged costs and attorney fees in excess of those actually incurred by Fein in prosecuting the

foreclosure action, (3) charged fees not authorized by Plaintiff's mortgage documents, (4)

charged excessive interest and (5) made misleading statements regarding the amount properly

---

also Evory, 505 F.3d 769 (developing the competent attorney standard in the context of claims
under all three sections, §§ 1692d, 1692e and 1692f).

        [7] Although neither letter was actually attached to the Complaint as filed, the Complaint
references and relies on both letters and states that they are attached as exhibits, and both letters
were attached to Plaintiff's Answer and Counter Claim filed in the state court action. (Compl. ¶
16; Decl. of Daniel C. Green, Ex. A [docket # 16].)  Therefore, the Court properly considers the
copies of the letters themselves as attached to Plaintiff's state court filing.  See U.S. Express
Lines Ltd. v. Higgins, 281 F3d 383, 388 (3d Cir. 2002) (on motion to dismiss under Fed. R. Civ.
P. 12(b)(6), court properly considers attachments to complaint, documents integral to or
explicitly relied upon in the complaint and matters of public record).  Further, because the Court
here relies only on material properly considered at the motion to dismiss stage, the Court rejects
Plaintiff's contention that this motion is not yet ripe for decision. (See Pl.'s Opp'n 17.)

        [8] Roger Mattson is Plaintiff's attorney in the present action and represented Plaintiff in
the state court foreclosure action.

due under Plaintiff's mortgage agreement, all in alleged violation of §§ 1692e(2)(A)-(B) and 1692f(1). (Compl. ¶¶ 13, 33, 36.)

The Court finds that each of these alleged overcharges and deceptive statements would be readily recognized as overcharges by a competent attorney representing a debtor in a foreclosure action. Such an attorney can be assumed to be familiar with the applicable state court statutes and rules limiting allowable costs, attorneys fees and interest and is certainly familiar with the provisions of his or her own client's mortgage agreement. Similarly, such an attorney would be familiar with the usual costs associated with prosecuting a foreclosure action and would be on guard for overcharges of costs and fees normally assessed in such actions. Therefore, the Court concludes that none of these alleged overcharges and deceptive statements would in fact deceive a competent attorney representing a debtor in a foreclosure action. The Court likewise finds that the overcharges were not an unfair or unconscionable means of collecting a debt when directed at such an attorney because Fein's alleged attempt to collect these overcharges would be transparent to the attorney.

Plaintiff also alleges more generally that Fein violated the general application provisions of §§ 1692d, 1692e and 1692f by harassing and deceiving Plaintiff and using unfair and unconscionable means in attempting to collect a debt from Plaintiff. (Compl. ¶¶ 33, 36.) Given the interposition of such well-armed counsel between Fein and Plaintiff, the Court finds that Fein's payoff letters are not actionable under these general application provisions either.

Further, the Court notes that Plaintiff's attorney's conduct in this case supports the Court's conclusions. Plaintiff's attorney received the payoff letters from Fein on June 7, 2007. Less than three weeks later, on June 26, 2007, Plaintiff's attorney filed the Answer, Counterclaim

-11-

and Third Party Complaint in the foreclosure action, laying out Plaintiff's FDCPA claims in

detail. This suggests that Plaintiff's attorney did not struggle long to uncover the alleged

overcharges and deceptive statements in the June 7 letters and was able to fully catalogue them in

Plaintiff's state court filing shortly after receiving the letters.

For these reasons, the Court finds that the Complaint has failed to state a claim for which

relief can be granted against Fein under the FDCPA, and these claims are therefore dismissed.

The Court declines to consider Fein's alternative arguments for dismissal of the FDCPA claims.

### 3.   LaSalle's Motion to Dismiss

LaSalle did not raise in its Motion Fein's argument above that the letters are not

actionable because they were sent to Plaintiff's attorney only. However, because the Complaint's

FDCPA allegations against LaSalle are identical in relevant part to those against Fein, the Court

dismisses these claims as well for the reasons stated above and declines to consider LaSalle's

alternative arguments for dismissal of the FDCPA claims.

### C.   State Law And Common Law Claims

Because the Court has dismissed the federal jurisdiction-conferring FDCPA claims in

Counts I and II, and Plaintiff has not alleged a basis for diversity jurisdiction, the Court declines

to exercise supplemental jurisdiction over the Complaint's state law and common law claims in

Counts III through XI and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3).[9]

---

[9] Count VII asserts a claim either under § 5 of the Federal Trade Commission Act, 15
U.S.C. § 45, or under New Jersey's Consumer Fraud Act; it is not clear which. To the extent
Count VII asserts a claim under the Federal Trade Commission Act, the Court dismisses that
claim because there is no private right of action under that statute. See Am. Airlines v.
Christensen, 967 F.2d 410, 414 (10th Cir. 1992).

-12-

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 29th day of January, 2009,

ORDERED that Defendant Fein's Motion to Dismiss, [20], is GRANTED with prejudice with respect to Count I and without prejudice with respect to Counts III through XI; and it is further

ORDERED that Defendant LaSalle's Motion to Dismiss, [15], is GRANTED with prejudice with respect to Count II and without prejudice with respect to Counts III through XI; and it is further

ORDERED that Defendant Cenlar's Motion to Dismiss, [19], is GRANTED without prejudice; and it is further

ORDERED that this case is CLOSED.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

-13-