IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACEY COLEMAN,<br>      Plaintiff,<br><br>   v.<br><br>CHASE HOME FINANCE, LLC,<br>      Defendant. | CIVIL NO. 08-2215(NLH)(JS)<br><br>**OPINION** |

**APPEARANCES:**

Lewis G. Adler, Esquire
Law Office of Lewis Adler
26 Newton Avenue
Woodbury, NJ 08096
    *Attorney for plaintiff*

Francis X. Manning, Esquire
Stradley, Ronon, Stevens & Young, LLP
Woodland Falls Corporate Park
200 Lake Drive East
Suite 100
Cherry Hill, NJ 08002
    *Attorney for defendant*

**HILLMAN**, District Judge

    This putative class action case concerns plaintiff's claims that defendant charged excessive attorney's fees and costs in plaintiff's state court foreclosure action.  Presently before the Court is defendant's motion to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons expressed below, defendant's motion will be denied without prejudice to defendant's right to refile its motion if it is determined, following jurisdictional discovery, that this Court may exercise its subject matter jurisdiction over plaintiff's case.

## BACKGROUND

On October 25, 2001, Chase Manhattan Mortgage Corporation[1] instituted a foreclosure action against plaintiff Stacey Coleman in New Jersey Superior Court, Chancery Division. On August 1, 2002, the Chancery Court entered a final judgment in favor of Chase in the amount of $90401.53, plus interest and counsel fees, and ordered the sale of Coleman's home to satisfy the monies due. On November 4, 2005, Chase provided Coleman with reinstatement figures. On January 17, 2006, Coleman reinstated her mortgage by paying $18,658.24, which included $6691.73 for fees and costs. On January 20, 2006, the foreclosure action was dismissed without prejudice, with the Chancery Court noting that the action was amicably settled between the parties.

Coleman brings this case against Chase asserting numerous causes of action based on her claim that Chase demanded, and was paid, fees in excess of $5,000 of what is permitted by New Jersey statute and court rules. She purports to bring these claims on her behalf and on behalf of similarly situated individuals who have also paid these allegedly excessive fees.

Through its motion to dismiss, Chase argues that Coleman's claims are barred by the entire controversy doctrine and otherwise fail to state a claim. Coleman has opposed Chase's motion.

---

[1] Defendant Chase Home Finance, LLC is the successor-by-merger to Chase Manhattan Mortgage Corporation.

The Court's independent review of Coleman's complaint, however, reveals that subject matter jurisdiction may be lacking. Because a district court has an obligation to determine subject matter jurisdiction prior to considering the merits of a case, <u>Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia</u>, 657 F.2d 29, 36 (3d Cir. 1981), that issue must be addressed first prior to analyzing the entire controversy doctrine and defendant's other bases for dismissal.

## DISCUSSION

Coleman asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act (CAFA), which provides, in relevant part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."[2]

On its face, Coleman's complaint satisfies § 1332(d)(2). Coleman claims that she is a citizen of New Jersey and Chase is a citizen of Delaware, and therefore, she is a member of the class who is a citizen of a different state from the defendant. A

---

[2] Another jurisdictional requirement under CAFA is that the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(6). Plaintiff claims that the proposed class will have at least 3000 members.

problem with this statement is that Coleman has not fully alleged Chase's citizenship.  Coleman claims that Chase is a Delaware limited liability company ("LLC"), and generally, an LLC is viewed as a partnership rather than a corporation for diversity purposes.  <u>Kimberly-Clark PA, LLC v. Delaware County</u>, 527 F. Supp. 2d 430, 432-33 (E.D. Pa. 2007)(stating that although neither the Supreme Court nor the Third Circuit have specifically ruled on this issue, all Circuit Courts that have addressed the issue have concluded that an LLC is a partnership for diversity purposes)(citations omitted).  As a partnership, the citizenship of an LLC is determined from the citizenship of all of its members.  <u>Id.</u> (stating that the rationale for treating an LLC as a partnership is based on the Supreme Court's decision in <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 195-96 (1990), which held that the citizenship of a limited partnership for diversity jurisdiction purposes is determined by the citizenship of all its members).  Therefore, applying the rationale that nonpersonal entities, other than corporations, are not "citizens" for jurisdictional purposes, the citizenship of an artificial entity such as an LLC for purposes of diversity jurisdiction is determined by the citizenship of all its members.  <u>Id.</u>

CAFA, however, contains a specific provision regarding the citizenship of unincorporated associations.  Section 1332(d)(10) provides that "an unincorporated association shall be deemed to be

a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Several courts have determined that this provision applies to LLCs. See Bond v. Veolia Water Indianapolis, LLC, 571 F. Supp. 2d 905, 910 (S.D. Ind. 2008) (explaining that the rule in Carden stands for the proposition that artificial business entities other than corporations are all treated as unincorporated associations, and, therefore, § 1332(d)(10) applies to LLCs); Lewis v. Seneff, 2008 WL 3200273, *5 (M.D. Fla. Aug. 5, 2008) (ordering plaintiffs to properly allege the citizenship of two defendant LLCs pursuant to § 1332(d)(10)); Geismann v. Aestheticare, LLC, 2008 WL 961272, *5 (D. Kan. 2008) (explaining that the citizenship of an LLC is different for diversity jurisdiction, where the LLC was required to allege the citizenship of each of its members, than from CAFA jurisdiction, where the LLC must allege its principal place of business and state of organization, and stating that these "two definitions of citizenship necessitate distinct factual support and reveal another material difference between Sections 1332(a) and 1332(d)"); Dunham v. Coffeyville Resources, LLC, 2007 WL 3283774, *4 (D. Kan. Nov. 6, 2007) (finding that for the purposes of § 1332(d)(10), the defendant LLC was a citizen of Delaware, where it was organized, and Kansas, where it has its principal place of business); see also Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1032 (9th Cir. 2009) (noting that CAFA abrogates the traditional

rule that an unincorporated association shares the citizenship of each of its members for diversity purposes).

The Senate committee report on CAFA also supports this view:

> New subsection 1332(d)(10) provides that for purposes of this new section and section 1453 of title 28, an unincorporated association shall be deemed to be a citizen of a state where it has its principal place of business and the state under whose laws it is organized. This provision is added to ensure that unincorporated associations receive the same treatment as corporations for purposes of diversity jurisdiction. The U.S. Supreme Court has held that "[f]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association." This rule "has been frequently criticized because often * * * an unincorporated association is, as a practical matter, indistinguishable from a corporation in the same business." Some insurance companies, for example, are "inter-insurance exchanges" or "reciprocal insurance associations." For that reason, federal courts have treated them as unincorporated associations for diversity jurisdiction purposes. Since such companies are nationwide companies, they are deemed to be citizens of any state in which they have insured customers. Consequently, these companies can never be completely or even minimally diverse in any case. It makes no sense to treat an unincorporated insurance company differently from, say, an incorporated manufacturer for purposes of diversity jurisdiction. New subsection 1332(d)(10) corrects this anomaly.

S.Rep. No. 109-14, at 45-46) (internal citations omitted), cited in Bond, 571 F. Supp. 2d at 911-12.

Applying the CAFA jurisdictional requirement for unincorporated associations to this case, Coleman has stated that Chase is organized under the laws of Delaware, but she has not stated where Chase has its principal place of business.  Thus, on this basis alone, Coleman has not properly pleaded this Court's

subject matter jurisdiction.

Even if Coleman cures her jurisdictional statement, and, therefore, subject matter jurisdiction is properly averred pursuant to § 1332(d)(2), CAFA has an exception to federal jurisdiction over "home state" controversies. See Hirschbach v. NVE Bank, 496 F. Supp. 2d 451, 458 (D.N.J. 2007) (citing Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 28 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 28) (providing a detailed analysis of CAFA and "home state" controversies). This "home state" exception, explained in 28 U.S.C. §§ 1332(d)(3) and (4), identifies certain class actions over which subject matter jurisdiction may not exist, despite satisfaction of § 1332(d)(2). The home state exception has both a mandatory and a discretionary facet. Hirshbach, 496 F. Supp. 2d at 459.  A district court must decline jurisdiction over a class action in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4). A district court has discretion to decline jurisdiction where the class composition is greater than one-third but less than two thirds of the class are citizens of the forum state, and where the primary defendants are citizens of the forum state. 28 U.S.C. § 1332(d)(3). In considering whether to decline jurisdiction, a court considers the following factors:

7

>   (A) whether the claims asserted involve matters of
>   national or interstate interest;
>   (B) whether the claims asserted will be governed by laws
>   of the State in which the action was originally filed or
>   by the laws of other States;
>   (C) whether the class action has been pleaded in a manner
>   that seeks to avoid Federal jurisdiction;
>   (D) whether the action was brought in a forum with a
>   distinct nexus with the class members, the alleged harm,
>   or the defendants;
>   (E) whether the number of citizens of the State in which
>   the action was originally filed in all proposed plaintiff
>   classes in the aggregate is substantially larger than the
>   number of citizens from any other State, and the
>   citizenship of the other members of the proposed class is
>   dispersed among a substantial number of States; and
>   (F) whether, during the 3-year period preceding the
>   filing of that class action, 1 or more other class
>   actions asserting the same or similar claims on behalf of
>   the same or other persons have been filed.

Id.

Congress contemplated that in making jurisdictional determinations under CAFA, "'a federal court may have to engage in some fact-finding, not unlike what is necessitated by the existing jurisdictional statutes.'"  Hirshbach, 496 F. Supp. 2d at 460 (quoting Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 44 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 42).  Although some limited jurisdictional discovery may be necessary, this determination "'should be made largely on the basis of readily available information.'" Id.

Here, if Chase is found to be a citizen of New Jersey,[3] this

---

[3] In two separate cases in the District of New Jersey, Chase Home Finance, LLC has averred that it is a New Jersey corporation with a principal place of business in Iselin, New Jersey.  (See Civil Action Nos. 05-3488, Complaint ¶ 1; 07-3030, Answer.)

case presents a clear "home state" case, which requires the declination of subject matter jurisdiction. Coleman describes the potential class as "1) Individuals who have had home loans held or serviced by the Defendant in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement from Defendant whose home loan was in default, 3) individuals who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law." (Compl. ¶ 8.)  Based on this description, it appears that at least two-thirds of the class are New Jersey citizens.  Thus, under the mandatory jurisdictional provision of CAFA, the Court would be required to dismiss the case for lack of subject matter jurisdiction if Chase is a citizen of New Jersey.

    A review of the discretionary factors further supports dismissal if it is determined that Chase is a citizen of New Jersey.  The claims of the potential class are all based on New Jersey state law and New Jersey court rules, and no national or interstate interests are implicated.  Further, Coleman's attorney had previously filed suit in New Jersey state court asserting the same claims, albeit with a different named plaintiff, although it

---

Chase Home Finance, LLC is a successor-in-interest to Chase Manhattan Mortgage Corporation, which plaintiff pleads is a New Jersey corporation.

appears that Coleman would have been a class member had the class been certified.  (See Def. Ex. A.)  Consequently, the "interests of justice and looking at the totality of the circumstances," § 1332(d)(3), warrants that the Court would be likely to decline subject matter jurisdiction if Chase is a citizen of New Jersey.  Compare Hirshbach, 496 F. Supp. 2d at 461 (declining to exercise jurisdiction under CAFA based on the number of class members hailing from the state in which the action was originally filed).

As stated above, the Court has an independent obligation to determine subject matter jurisdiction, and it is well-established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  S. Freedman and Co., Inc. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted).  Therefore, the Court will instruct the parties to engage in jurisdictional discovery in order to concretely establish--or not-- this Court's jurisdiction over this limited liability company defendant.  See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) ("Our rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'").  Thereafter, Coleman shall file an amended complaint, consistent with Fed. R. Civ. P. 11, setting forth the proper jurisdictional allegations.  The parties are reminded that they cannot consent to this Court's

jurisdiction if otherwise lacking, that Coleman's jurisdictional allegations must be complete and true, and that Chase has an independent obligation to inform the Court if any such allegations are believed to be untrue.

## **CONCLUSION**

For the reasons expressed above, defendant's motion to dismiss will be denied without prejudice.  The parties will have twenty days to engage in jurisdictional discovery to establish the citizenship of Chase, and Coleman will have ten days thereafter to file an amended complaint to properly alleged the citizenship of Chase.  If, following jurisdictional discovery, it is determined that Chase is not a citizen of New Jersey, Chase may refile its motion, and the Court will then substantively consider the merits of Coleman's claims.  If it is determined that Chase is a citizen of New Jersey, Coleman's case will be dismissed for lack of subject matter jurisdiction.

An appropriate order will be entered.

Date: May 11, 2009                                          s/ Noel L. Hillman

At Camden, New Jersey                               NOEL L. HILLMAN, U.S.D.J.