UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

LEWIS G. ADLER, ESQUIRE
26 NEWTON AVENUE
WOODBURY, NJ 08096
(856)845-1968
ATTORNEY FOR PLAINTIFF
_____

|  |  |
|---|---|
| : | |
| STACY COLEMAN, fka Stacy Kovilaritch: | |
| individually and as a class representative : | |
| On behalf of others similarly situated   : | Case No. |
| Plaintiff,   : | 1:08-cv-2215 (NLH)(JS) |
| : | |
| vs.   : | |
| : | CIVIL ACTION |
| CHASE HOME FINANCE, LLC.   : | |
| Successor by merger to   : | |
| CHASE MANHATTAN MORTGAGE   : | |
| CORP.  and John Doe 1-100   : | |
| and John Doe Servicers 1-100   : | |
| Defendant.   : | |

_____

_____

BRIEF OF PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS BY THE
DEFENDANT CHASE

_____

Attorney for Plaintiff
Law Office of Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968

On the Brief

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.

## Table of Contents

Table of Authorities…………………………………………………………….…iv

Statement of Facts……………………………………………………………..…1

Argument…………………………………………………………...............1
I.      Standard for Determination of a motion under FR 12(b)(6)……………1
II.     The court has subject matter jurisdiction under The Class Action
        Fairness Act 2005 (CAFA )………………………………………….............2
III.    THE DEFENDANT'S ACTIONS ARE PROHIBITED
        UNDER THE LAW…………………………….............................................5

        a.   The attorney fees charged by the Defendant are in violation of the
             New Jersey Court Rules…………………………………………5
        b.   The costs of suit charged by the Defendant are in violation of the
             New Jersey Law……………………………………………8
        c.   The amounts demanded are in violation of the FHA regulations…..10
        d.   The amount demanded was in excess of the amount in the final
             judgment of foreclosure……………………………………...12

IV.     The Defendant's reliance upon the entire controversy doctrine is
        flawed. …………………………………………………………..13
V.      The Plaintiff has pled a cause of action for breach of contract…………16
VI.     Plaintiff has pled a cause of action for intentional misrepresentation in
        Count II of the complaint……………………………………………17
VII.    The Defendant's motion to dismiss the negligence count  should be
        denied…………………………………………………………21
VIII.   The Plaintiff has pled a cause of action for breach of the duty of good
        faith and fair dealing  by Chase…………………………………...23
IX.     The Defendant's motion to dismiss count V for unjust enrichment should
        be denied………………………………………………………24
X.      The Plaintiff has pled a cause of action for violation of the New Jersey
        Consumer Fraud by Chase……………………………………...25
XI.     The Plaintiff has pled a cause of action for violation of the New Jersey
        Fair Foreclosure Act or in the alternative it may be enforced as an
        action under the New Jersey Consumer Fraud Act………………………31

        a.   There is a private right of action in Fair Foreclosure Act…………31
        b.   There is a private right of action to the New Jersey Court *Rule
             4:42-9(a)(4)* and New Jersey Statutes  *NJSA 22A:2-8, 22A:2-10 and
             2A:25-3*……………………………………………………34
        c.   The Fair Foreclosure Act, and other statutes, the FTC Act and the
             Court Rules  may be enforced     through the New Jersey Consumer
             Fraud Act…………………………………...………………34

**XII.**     **The Plaintiff has pled a cause of action for violation of the New Jersey Usury Law NJSA 31:1-3 by Chase. …………………………………………..35**

**XIII.**    **The Plaintiff has pled a cause of action for violation of the New Jersey Truth In Consumer Contract, Warranty and Notice Act by Chase…….37**

**XIV.**    **Any dismissal by the Court should be without prejudice and the Plaintiff given an opportunity to file an amended complaint……………………..39**

**XV.**   **The motion is premature as discovery has not been completed…………39**

Conclusion…………………………………………………………………………….40

**Table of Authority**

**Cases**

*Aetna Insurance Co. v. Gilchrist Brothers, Inc.*, 85 NJ 550, 556 (1981)     14

*Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.*, 61 NJ 150, 153 (1972)    23

*Atlas Corp. v. United States*, 895 F.2d 745, 754-55 (Fed. Cir. 1990)     25

*Baer v Chase,* 392 F.3d. 609, 617 (3rd Cir 2004)     25

*Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.*, 69 NJ 123, 129-30 (1976)     23

*Barrows v. Chase Manhattan Mrtg. Corp,* 465 F. Supp. 2d 347, 366 (DNJ 2006)    22,23

*Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007)     28,38

*Chase Manhattan Bank v. Iridium Africa Corp.*,

    239 F. Supp. 2d 402, 409 (D. Del. 2002)     25

*Coastal Bank v. Colonial Wood Products, Inc.*, 172 NJ Super 320 (App. Div. 1980)     6

*Delta Funding v. Harris*, 189 NJ 28, 49 (2006)     15

*Deshler v. Holmes*, 44 N.J. Eq. 581, 584-88, 18 A. 75 (E. & A.1888)     12, 19

*Dewey v. Volkswagen AG,* 558 F. Supp. 2d 505 (D.N.J. 2008)     17

*First Union Nat. Bank v. Nelkin,* 354 N.J. Super. 557, 562 (App. Div. 2002)     20

*General G.M.C. Sales, Inc. v. Passarella*, 195 N.J. Super. 614, 625

    (App. Div. 1984), aff'd o.b. 101 N.J. 12 (1985)     36

*Gennari v. Weichert Co. Realtors,* 691 A.2d 350, 367 (N.J. 1997)     17

*Glukowsky v. Equity One, Inc,* 360 N.J. Super. 1, 16 (App. Div. 2003)     20

*In re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA,*

    006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006)     6,7

*In re 865 Centennial Avenue Assoc. Ltd. Partnership,* 200 BR 800

    (D.N.J. Bkrtcy 1996)     15

*In re Crispino*, 160 BR 749 (D.N.J. Bkrtcy 1993)     15

*In re: John Hatala,* 295 BR 62 (2003)     6

*In re: Resorts, Inc.,* 181 F. 3d 505, 511 (3d Cir 1999)     31

*Jalowiecki v. Levc,* 182 NJ Super. 22, 30 (App. Div 1981)     31, 32

*Jewish Ctr. of Sussex County v. Whale,* 86 N.J. 619, 626 n.1,  (1981).     20

*Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144 (3rd Cir 2009)     4

*LaSalle National Bank v. Johnson, 2006,* WL 55 1563 (Ch.Div. March 3, 2006)     15

*Liberty Mutual Fire Ins. Co. v. Alexander,*  374 N.J. Super. 340, 354

    (App. Div. 2004)     12, 18

*Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)     17

*Mardini v. Viking Freight, Inc*., 92 F. Supp. 2d 378, 385 (D.N.J. 1999)     1

*Marguiles v. Chase Manhattan Mortgage Corp*, 2005 WL 2923580,

    (App. Div. Nov. 7, 2005)     23

*Metlife v. Washington Ave. Assoc.,*  159 NJ 484 (1999)     23, 24

*NCP Litigation Trust v. KPMG, LLP*, 187 NJ 353 (2004)     21

*National City Mortgage v. Smith*, 324 NJ Super 509 (Ch Div 1999)     8

*Onderdankm v. Presbyterian Homes of New Jersey*, 85 NJ 171, 182 (1981)     23

*Pickett v. Lloyd's*, 131 NJ 457, 467 (1993)     18

*R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Co.*,
   168 NJ 255, 276 (2001)      23

*Regency Savings v. Morristown Mews*, 363 NJ Super. 363 (App. Div. 2003).   6, 34

*Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009)*   38

*Resolution Trust Corp. v. Griffin*, 290 N.J. Super. 88, 91-92 (Ch. Div. 1994)   36

*Ryno, Inc. vs. First National Bank of South Jersey,* 208 N.J. Super. 562 at 570
(App. Div. 1986)   13

*Shane v. Fauver*, 213 F.3d 113 (3rd Cir 2000)   39

*Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006)   38

*Stewart Title Guar. Co. v. Lewis*, 347 NJ Super. 127 (Ch Div 2001)   6,37

*Union Ink Co. v. ATT Corp.,* 352 N.J. Super. 617 at 645 ( App. Div 2002)   20

*VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994)   24

*Whittingham v. Mortgage Electronic Regisration Services, Inc,* No. 06-3016,
     slip opinion (D.N.J. May 15, 2007)   17, 23, 25

*Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004)
     *cert. denied*, 183 NJ 212 (2005)   34

## Rules

Federal Rule of Civil Procedure 9(b)   17, 18

Federal Rule of Civil Procedure 12(b)(6)   1

Federal Rule of Civil Procedure 56(f)   40

New Jersey Court Rule *4:42-9(a)(4)*   5, 7, 34

New Jersey Court Rule  *4:42-10(a)*   8

New Jersey Court Rule *4:42-11(a)*   29

New Jersey Court Rule *4:64*   6

New Jersey Court Rule *4:64-1*   14

New Jersey Court Rule *:4:64-5*   3, 16

## Statutes

RESPA 12 USC 2605   38

12 USC 2605 (e)   38

*NJSA 2A:15-13*   9

*NJSA 2A:25-3*   34

New Jersey Fair Foreclosure Act *NJSA 2A:50-53*   8

*NJSA 2A:50-54*   32

*NJSA 2A:50-55.*   32

*NJSA 2a:50-57*   8

*NJSA 2A:50-61*   32

*NJSA 17:9A-.330*   15

*NJSA 22A:2-10*   9, 34

*NJSA 22A:2-8*   9, 34

*NJSA 31:1-1*                                                              36
New Jersey Usury Law *NJSA 31:1-3*                                         35
*NJSA 31:1-4*                                                             36
*New Jersey Truth-In-Consumer Contract, Warranty and Notice Act*
    *NJSA 56:12-15*                                                        37

## Regulations

*24 CFR 203.552(a)(9)*                                                  2,10
*24 CFR 203.552(b)*                                                2,3,10,11

## Books and Treatises

*Black's Law Dictionary 4th Edition* (1968)                               8

**FACTS**

The Statement of facts for purposes of this motion is outlined in the Plaintiff's complaint which is incorporated by reference herein.

**ARGUMENT**

The Defendant's motion to dismiss  must be denied in full. The issues raised by the Defendant are in most cases based upon gross distortions of the law and facts.  The Defendant does not deny the essential facts that they took money from Stacey Coleman that they were not entitled to.  The arguments instead seek to allege equitable defenses as a shield for inequitable, illegal and disreputable conduct.  The court must as a matter of law, deny the Defendant's motion.

**I.        Standard for Determination of a motion under FR 12(b)(6).**

The Court in the case of *Mardini v. Viking Freight, Inc*., 92 F. Supp. 2d 378, 385 (D.N.J. 1999) articulated the standard the Court must use in a motion to dismiss under Rule 12(b)(6).

> Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In disposing of a motion to dismiss, the court must operate on the assumption that the factual allegations in the complaint or counterclaim are true. *Neitzke*, 490 U.S. at 326-27. A motion to dismiss may be granted if the opposing party would not be entitled to relief under any set of facts consistent with the allegations in the complaint or counterclaim. As the Supreme Court stated in *Neitzke*:
>
> "nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon,* supra at 73, 104 S. Ct. 2229, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a

1

judge's disbelief of a complaint's factual allegations. (490 U.S. at 327)". <u>Id</u> <u>at 381, 382</u>

In the instant case, the Court must accept as true the allegations of the complaint.

## II.   The court has subject matter jurisdiction under The Class Action Fairness Act 2005 (CAFA )

Chase argues that the court lacks subject matter jurisdiction under CAFA. The issue concerns the viability of the national class proposed by the Plaintiff. The Plaintiff seeks a national class defined as follows:

3.   The Plaintiff proposes a national class as 1) Individuals who have had FHA home loans held or serviced by the Defendant, Chase from sixteen years prior to the filing of the complaint through the date of class certification; and 2)  who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by FHA regulation.

The Defendant argues that the definition above is not viable to sustain a national class because the Plaintiff did not pay attorneys fees in excess of the FHA regulations. The argument must fail. The Plaintiff did suffer a violation of the FHA regulations as outlined in paragraph 53 of the Plaintiff's complaint.

First, the Defendant can only charge for services actually incurred. The pertinent FHA regulations 24 CFR 203.552(a)(9) and 24 CFR 203.552(b) provide that where provided by the security agreement the lender may not charge the borrower except for the actual charges for the services and out of pocket costs incurred.  The Defendants are in sole possession of this information to determine the actual amount of the charges. The complaint references three instances which the Defendants state what the attorneys fees charges were. The final judgment awarded an attorneys fee of $1104.02. (Exhibit A to the Plaintiff's complaint.) The payoff and reinstatement provided  by the Defendant stated

that the attorneys fees were $900.30. (Exhibits B & C to the Plaintiff's complaint). Either the judgment is incorrect or the payoff is incorrect as to the correct amount of attorneys fees incurred. In either case, the Defendant has sought attorneys fees in violation of the FHA regulations.

Second, the Defendant, pursuant to the regulation is bound by the terms of the security agreement for charges for attorneys fees and out of pocket expenses. 24 CFR 203.552(b). "In the instant case, the mortgage note provides in paragraph 7(C) 'If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this note to the extent not prohibited by applicable law." (Plaintiff's complaint para. 46) The costs and expenses were adjudicated by the Defendant and incorporated in the final judgment. The final judgment allowed foreclosure costs net of the attorneys fees of $496.50. The payoff provided for "Foreclosure costs" of $7175.80. (Exhibits B to the Plaintiff's complaint)The reinstatement provided for "Foreclosure costs" of $5791.73. (Exhibits C to the Plaintiff's complaint) The Plaintiff reinstated the mortgage and paid the fees and costs of $6691.73 which was $5091.21 over the amount allowed in the judgment. ( Plaintiff's complaint para. 37) Of course, since the costs are not itemized some of the charges may actually be hidden attorneys fees. Regardless, the charges are over ten times the amount allowed in the final judgment in violation of the applicable law. "Chase's fee request in the reinstatement quote of $6691.73 which was paid by the Plaintiff was in excess of the amount allowed by the FHA regulations, the final judgment of foreclosure and New Jersey Law." (Plaintiff's complaint para. 53)

The FHA regulations *24 CFR 203.552(b)* provides that "*reasonable and*

*customary* fees must be predicated upon the actual cost of work performed including out-of-pocket expenses. Directors of HUD Area and Insuring Offices are authorized to establish maximum fees and charges which are reasonable and customary in their areas.

**Except as provided in this part, no fee or charge shall be based on a percentage of either the face amount of the mortgage or the unpaid principal balance due on the mortgage."** [Emphasis added]

Chase in the final judgment of foreclosure dated August 1, 2002 requested a total fee of $1104.00; $1054 based upon a percentage of the unpaid principal balance due on the mortgage plus the statutory minimum of $50 in violation of the FHA regulations..

Chase argues that the court lacks subject matter jurisdiction under CAFA. Specifically, Chase argues that the court must remand the case under the local controversy exception. Chase admits that the court otherwise has subject matter jurisdiction. The Third Circuit recently addressed the issue in the case of *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144 (3rd Cir 2009). The court focused on the meaning of 28 USC 1332(d)(4)(B). The section reads:

> *Two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.*

The Defendant argues that the class is only violations of the FHA regulations for attorneys fees. The argument completely ignores the overcharges on the costs of suit. At this stage of the litigation it is unquestioned that the Defendant demanded and was paid by the Plaintiff sums in excess of the total amounts allowed in the final judgment for attorneys fees and costs of suit. Such a payment is in clear violation of the applicable FHA regulations concerning foreclosure

attorneys fees and costs of suit.  The national class concerning the violation of the

FHA regulations has been validly plead. Chase is a national lender and  has not

alleged that its lending activities were limited to New Jersey.  Plaintiff contends

that the majority of the class members would be outside of the State of New

Jersey.

    As a matter of law the Defendants motion to dismiss for lack of subject matter

jurisdiction must be denied.

**III.    The Defendant's actions are prohibited under the law.**

    **a ) The attorney fees charged by the Defendant are in violation of the
New Jersey Court Rules.**

    In a foreclosure action in New Jersey, the Rules of Court limit the amount  a

mortgagee can charge to the borrower to recoup the attorney's fees and costs of suit in the

action. Attorney's fees are limited by *R 4:42-9(a)(4)*  which states:

> In an action for foreclosure of a mortgage, the allowance shall be
> calculated as follows: on all sums adjudged to be paid to the plaintiff
> amounting to $5000 or less, at the rate of 3.5%, provided however, that in
> any action a minimum fee of $75 shall be allowed; upon the excess over
> $5000 and up to $10,000 a the rate of 1.5%; and upon the excess over
> $10,000 a the rate of 1%, provided that the allowance shall not exceed
> $7,500. If, however, application of the formula prescribed by this rule
> results in a sum in excess of $7,500, the court may award an additional fee
> not greater than the amount of such excess on application supported by
> affidavit of services. In no case shall the fee allowance exceed the
> limitation of this rule.

     The total amount due Chase at that time was  $90,401.53. Under the Court Rule,

Chase was limited to a total of $1054.00 in attorneys' fees plus the statutory fee of

$50.00.  The Court rule is clear "**in no case shall the fee allowance exceed the

limitation of this rule"**. After the entry of the foreclosure judgment, absent an

application for subsequent costs, the only thing that can be added to the judgment is interest from the date of the judgment a the legal or judgment rate. *N.J. Rule 4:64*

    As a matter of law the Defendant Chase violated the rules of court.  Chase demanded attorneys' fees and costs of $6692.03.  The category of "Foreclosure Costs" is believed to include attorneys' fees as well. As the amounts are not itemized and known only to the Defendant, it would be premature to make any assumptions until discovery is complete. Chase knew or should have known that it was demanding excess fees in its payoff statements. Chase had an obligation to advise the Plaintiff as to what attorneys fees and other costs of suit are properly recoverable under New Jersey law.

    The limitations of this rule are absolute. The Courts have held that where a mortgage debt is secured by a note providing for an attorney's fee for collection and the mortgagee proceeds to foreclose the mortgage his attorney's fees are governed by the rule rather than the note. *Coastal Bank v. Colonial Wood Products, Inc.*, 172 NJ Super 320 (App. Div. 1980) An attorney fee provision in a promissory note accompanying a mortgage will not be construed to include fees for post-judgment collection costs. *Regency Savings v. Morristown Mews*, 363 NJ Super. 363 (App. Div. 2003). The courts have also included the fees incurred in a bankruptcy proceeding during the pendency of the foreclosure as being included in this cap. I*n re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006); *Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001); *In re: John Hatala*, 295 BR 62 (2003).     The recent Third Circuit case of *In re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 006 U.S. App. LEXIS 1179, No. 04-3622 (3rd Cir. 2006) is directly on point. In *A&P*, the Court held:

We also disagree with Fleet's assertion that New Jersey's limitation on attorneys' fees in Rule 4:42-9(a)(4) somehow renders the merger doctrine inapplicable and allows creditors to recover attorneys' fees post-judgment. In this regard Fleet contends that cases from other jurisdictions which hold "that a secured party cannot receive a section 506(b) award after its mortgage is satisfied are inappropriate and emanate from jurisdictions outside New Jersey where unlike New Jersey, a party may seek all of its legal fees and costs in the context of a state court foreclosure action." Appellee's Br. at 19. Rule 4:42-9(a)(4) does not render the merger doctrine inapplicable; nor does it allow a mortgage agreement to survive a judgment of foreclosure. Indeed, it does not even address these matters. Rather, it limits the award of attorneys' fees allowable under state law as it provides, after setting forth the allowable fees, that "in no case shall the fee allowance exceed the limitations of this rule." The Supreme Court of New Jersey has made it clear that the parties to a mortgage cannot by contract override the limitations of the rule. _Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll_, 44 N.J. 442, 210 A.2d 68, 71 (N.J. 1965).

In reaching our result we emphasize the following. While it is true that the debtor agreed to pay Fleet's "reasonable" attorneys' fees in a foreclosure action and arguably waived the benefit of certain laws limiting the amount of fees Fleet could recover, certainly in the absence of a bankruptcy proceeding these provisions would not have rendered the limitations of Rule 4:42-9(a)(4) ineffective. Id. Furthermore, we point out that inasmuch as mortgagees ordinarily prepare the mortgage documents, if such provisions superceded Rule 4:42-9(a)(4) in foreclosure actions, the rule soon would become meaningless.

The question, then, is whether section 506(b) should require a different result in a bankruptcy context. We do not see why it should in the absence of clear language in the loan documents preserving the claim for attorneys' fees after a foreclosure judgment. In this regard we observe that the debtor's waiver in the mortgage of the "benefit" of certain laws hardly can assist Fleet with respect to section 506(b) as that section in allowing a creditor to obtain attorneys' fees in excess of those it otherwise could recover surely is not a law enacted for the benefit of a mortgagor. Thus, Fleet, is limited to recovering its "reasonable" attorneys' fees, which were determined through the application of the state court rule in the state court proceedings, as the mortgage or other documents simply do not provide that the provision for reasonable fees in the mortgage renders inapplicable the ordinary application of the merger doctrine. Id at ___.

The rule applies to all fees incurred by the mortgagee during the pendency of the foreclosure. The result is the same in cases where the mortgage is cured or paid off prior

to the entry of the final judgment. *National City Mortgage v. Smith*, 324 NJ Super 509

(Ch Div 1999). The <u>New Jersey Fair Foreclosure Act</u> *NJSA 2A:50-53* provides that in the

event of a default the amount of attorneys fees and costs to be charged to the borrower to

cure the default are limited by the court rule. *NJSA 2a:50-57* states:

> (3) pay or tender court costs, if any, and attorneys' fees in an amount
> which shall not exceed the amount permitted under the Rules Governing
> the Courts of the State of New Jersey;

The law in New Jersey is clear. The Court rules are an absolute cap to the amount

a lender can charge to the borrower for attorney's fees and costs in a defaulting mortgage.

The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this**

**rule"**. As a matter of law the Defendant Chase has violated the rules of court.

**b) The costs of suit charged by the Defendant are in violation of the**

**New Jersey Law.**

In a foreclosure action in New Jersey, the Statutes and  Rules of Court limit the

amount a mortgagee can charge to the borrower to recoup the attorney's fees and costs of

suit in the action. Search fees are limited in the New Jersey Court Rules by *R 4:42-10(a)*

which states:

> (a) Fees Allowable: In an action for the foreclosure of a mortgage or
> tax certificate or for partition and sale of realty, the court or the
> clerk may, as a matter of discretion, tax as part of the taxable costs
> all legal fees and reasonable charges necessarily paid or incurred
> in procuring searches relative to title of the subject premises,
> provided that the minimum fee shall be $75 and the maximum fee
> shall be $500, If however, 1% of the amount found due plaintiff is
> more than $75 and less than $500, such 1% shall be the maximum
> fee.

The Defendant's charges for costs  were in excess of the amount allowed pursuant

to New Jersey Statutes including but not limited to

a)    *NJSA 22A:2-10* which allows costs of an attorney fee in a foreclosure of $50.00;

b)    *NJSA 22A:2-10* which allows costs for a writ of execution of $10.00;

c)    *NJSA 22A:2-8* which allows the filing fee of $200;

d)    *NJSA 2A:15-13* which allows a maximum of $50 for the filing of the  lis pendens;

e)    *NJSA 22A:2-8* which allows a maximum of $35 for service of process per defendant;

f)    *NJSA 22A:2-8* which allows for the actual costs of service of process by publication;

g)    *NJSA 22A:2-8* which allows for the actual costs of service of process by mail;

In the instant case, the Defendant has sought and was paid by the Plaintiff for search fees in excess of that amount and fees and costs to which they were not entitled. The final judgment allowed a total of $496.50 in costs in addition to the attorneys' fee award. Chase demanded and was paid attorneys' fees and costs of $6692.03.

**c. The amounts demanded are in violation of the FHA regulations.**

The mortgage is a FHA mortgage subject to the regulations of the Secretary. The note and mortgage both provide language which limit the amount of attorneys fees and costs the Lender may require a Borrower to pay.  In the instant case, the mortgage note provides in paragraph 7(C)" If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including

reasonable and customary attorneys' fees for enforcing this note to the extent not prohibited by applicable law."

The mortgage provides in paragraph 10 that "Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding."

The FHA regulations *24 CFR 203.552(b)* provides that "*reasonable and customary* fees must be predicated upon the actual cost of work performed including out-of-pocket expenses. Directors of HUD Area and Insuring Offices are authorized to establish maximum fees and charges which are reasonable and customary in their areas. Except as provided in this part, no fee or charge shall be based on a percentage of either the face amount of the mortgage or the unpaid principal balance due on the mortgage."

First, the Defendant can only charge for services actually incurred. The pertinent FHA regulation 24 CFR 203.552(a)(9) and 24 CFR 203.552(b) provides that where provided by the security agreement the lender may not charge the borrower except for the actual charges for the services and out of pocket costs incurred.  The Defendants are in sole possession of this information to determine the actual amount of the charges. The complaint references three instances which the Defendants state what the attorneys fees charges were. The final judgment awarded an attorneys fee of $1104.02. (Exhibit A to the

Plaintiff's complaint.) The payoff and reinstatement provided by the Defendant stated that the attorneys fees were $900.30. (Exhibits B & C to the Plaintiff's complaint). Either the judgment is incorrect or the payoff is incorrect as to the correct amount of attorneys fees incurred. In either case, the Defendant has sought attorneys fees in violation of the FHA regulations.

Second, the Defendant pursuant to the regulation is bound by the terms of the security agreement for charges for attorneys fees and out of pocket expenses. 24 CFR 203.552(b). "In the instant case, the mortgage note provides in paragraph 7(C) 'If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this note to the extent not prohibited by applicable law." (Plaintiff's complaint para. 46) The costs and expenses were adjudicated by the Defendant and incorporated in the final judgment. The final judgment allowed foreclosure costs net of the attorneys fees of $496.50. The payoff quote provided for "Foreclosure costs" of $7175.80. (Exhibits B to the Plaintiff's complaint)The reinstatement quote provided for "Foreclosure costs" of $5791.73. (Exhibits C to the Plaintiff's complaint) The Plaintiff reinstated the mortgage and paid the fees and costs of $6691.73 which was $5091.21 over the amount allowed in the judgment. ( Plaintiff's complaint para. 37) Of course, since the costs are not itemized some of the charges may actually be hidden attorneys fees. Regardless, the charges are over ten times the amount allowed in the final judgment in violation of the applicable law. "Chase's fee request in the reinstatement quote of $6691.73 which was paid by the Plaintiff was in excess of the amount allowed by the

11

FHA regulations, the final judgment of foreclosure and New Jersey Law." (Plaintiff's complaint para. 53)

Chase in the final judgment of foreclosure dated August 1, 2002 requested a total fee of $1104.00; $1054 based upon a percentage of the unpaid principal balance due on the mortgage plus the statutory minimum of $50 in violation of the regulations..

### d) The amount demanded was in excess of the amount in the final judgment of foreclosure.

On or about August 1, 2002, an uncontested final judgment was entered in favor of the Defendant Chase. (Exhibit A) The judgment provided for total costs of $1600.52 itemized as follows:

| | | |
|---|---|---|
| i) | Attorney's allowance by statute | $ 50.00 |
| ii) | Filing fees paid to clerk | $ 175.00 |
| iii) | Counsel fee allowed under R.4:42-9 | $1054.02 |
| iv) | Sheriff's fees for service | $ 6.00 |
| v) | Search costs allowed under R.4:42-10 | $ 290.00 |
| vi) | Printing Costs for publication | $ 15.00 |
| vii) | Cost of filing Lis Pendens | $ 10.00 |

With the entry of the final judgment of foreclosure, the amount of attorneys' fees and costs become res judicata. "Upon judgment of foreclosure, the debt instrument and the mortgage instrument merge, which finalizes the amount of the debt and precludes any claim by the mortgagee for the collection of more than is due on a single instrument." *Liberty Mutual Fire Ins. Co. v. Alexander,* 374 N.J. Super. 340, 354 (App. Div. 2004) quoting *Deshler v. Holmes*, 44 N.J. Eq. 581, 584-88, 18 A. 75 (E. & A.1888). The court must hold as a matter of law that the Defendant Chase was entitled to only $1600.52 in

attorneys' fees and costs versus the $6692.03 actually demanded and paid. Chase is precluded from requesting additional monies absent an amendment to the foreclosure judgment other than post judgment interest at the legal or judgment rate. *N.J. Rule 4:64*

## IV.    The Defendant's reliance upon the entire controversy doctrine is flawed.

The Defendant argues that Stacey Coleman's claim must be dismissed as they were not raised during the  foreclosure proceeding.  The whole argument is legally and factually flawed.  First, the doctrine does not apply to foreclosure actions; second, the cause of action arose after the entry of the 2002 foreclosure judgment; third the Defendant's continuing course of conduct from 2002 through 2007 provides an independent basis for suit.

The entire controversy doctrine as it applies to foreclosure actions is codified in *R:4:64-5*, which states:

> "Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and crossclaims may be pleaded in foreclosure actions without leave of the court."

The key to the entire controversy doctrine is that the cause of action be known at the time of the institution of the foreclosure proceeding.  This concept is clearly stated by the court in the case relied upon by the Defendant, *Ryno, Inc. vs. First National Bank of South Jersey,* 208 N.J. Super. 562 at 570 (App. Div. 1986).

> "We think it clear that any conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in foreclosure."

13

*Ryno* was decided prior to the change in R 4:64-5, which added the requirement that a counterclaim must be "germane" to be plead without leave of the court.  The rule defines non-germane claims as follows:

> "Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees."

In the instant case, there was one foreclosure action. The issue of overcharges occurred after the filing of the action for foreclosure. In fact, the overcharges occurred after the entry of the foreclosure judgment.  Of the utmost importance is the Defendant's actions following the 2002 foreclosure judgment.  The final judgment in the foreclosure was entered on August 1, 2002. (Exhibit A)  The reinstatement quotes were provided in 2006, ( Exhibits B & C), over four full years later.  There can be no question that the issues raised by the Defendant's actions in 2006 could not have been brought as a counterclaim to foreclosure in which a final judgment had been entered in 2002.

In fact *R:4:64-1* states that an action for foreclosure shall be deemed uncontested if none of the pleadings contest the validity or priority of the mortgage or create an issue with respect to Plaintiff's right to foreclose.  Ms. Coleman only had a meritorious germane defense if she could show that but for the overcharges, she would be current otherwise it is irrelevant.

The purpose of the entire controversy doctrine is to avoid delay, avoid harassment and wasted time of the parties, avoid clogging the courts and to promote fundamental fairness.  *Aetna Insurance Co. v. Gilchrist Brothers, Inc.*, 85 NJ 550, 556 (1981).  There is no question that the Defendant's actions in 2007 are properly before the court.  It is also clear that the actions of the Defendant represent a continuing course of conduct with

14

the Plaintiff from 2002 through 2007.  The entire controversy doctrine would require that all of these issues are now properly before the court.

The New Jersey Supreme Court in the case of *Delta Funding v. Harris*, 189 NJ 28, 49 (2006) specifically held that when a consumer must defend a foreclosure action and bring a separate action for damages under the New Jersey Consumer Fraud Act, the attorneys fees and costs incurred in defending the foreclosure action are damages to be included in the Consumer Fraud case.

> Because of the arbitration clause, Harris is compelled to litigate essentially identical CFA claims in court and in arbitration. In that circumstance, Harris should, under *N.J.S.A.* 56:8-19, be eligible for attorney's fees and costs related to the foreclosure proceeding if she successfully asserts defenses based on the CFA in that proceeding. Id at 49

The entire controversy doctrine is an equitable doctrine.  Those that seek equity must do equity.

The Defendant, in support of this argument, cites three cases, *LaSalle National Bank v. Johnson, 2006,* WL 55 1563 (Ch.Div. March 3, 2006); *In re 865 Centennial Avenue Assoc. Ltd. Partnership,* 200 BR 800 (D.N.J. Bkrtcy 1996); and *In re Crispino*, 160 BR 749 (D.N.J. Bkrtcy 1993).  None of these cases apply to the instant case.

In *LaSalle,* the issue by the court was if the answer filed by the Defendant should be stricken.  The answer alleged that the mortgage holder could not proceed with the foreclosure for violating HUD regulations.  The court did not strike the answer as the allegation if true, would defeat the Plaintiff's right to foreclose.  This simply is not the instant case.

*Centennial*, does not apply.  In that case, the court held that a claim under *NJSA 17:9A-.330* was barred by the entire controversy doctrine.  *NJSA 17:9A.-330* prohibits a

foreign bank to file an action in New Jersey without properly registering with the state. There had been a ten (10) week trial in the foreclosure action and entry of judgment. The issue was raised after the entry of the final judgment. In the instant case, there was no answer, no trial or opinions at the issue in the foreclosures. The action itself was uncontested.

*Crispino* does not apply. The issue in *Crispino* concerned a collateral attack on a default judgment on a secured note in a bankruptcy filing. Unlike the foreclosure in the instant case, the action in *Crispino* was filed and heard in the Law Division, an action without the limitations of *R.4:64-5*.

As a matter of law the Defendant's motion to dismiss must be denied.

**V.     The Plaintiff has pled a cause of action for breach of contract.**

The Plaintiff has pled a cause of action for breach of contract in count one of the complaint. The Defendant argues that the amended complaint fails to identify the paragraphs of the contract which were violated. The amended complaint addresses those issues. Paragraph 46 references paragraph "7 (C)" of the mortgage note. Paragraph 47 references paragraph "10" of the mortgage. Paragraph 54 specifically states that the Defendant violated paragraphs "7 (C)" of the note and paragraph 10 of the mortgage by imposing or collecting moneys which were not due and owing. The paragraphs referenced by the Defendant which allow the Defendant to collect monies for "foreclosure costs and reasonable and customary attorney's fees" misses the point that these figures were improperly calculated.

As a matter of law the Defendant's motion to dismiss must be denied.

## VI.     Plaintiff has pled a cause of action for intentional misrepresentation in Count II of the complaint.

Chase argues that the Plaintiff has failed to adequately plead a case of intentional misrepresentation in Count II of the complaint. The courts have treated this cause of action as one for fraud. *Whittingham v. Mortgage Electronic Regisration Services, Inc.,* No. 06-3016, slip opinion (D.N.J. May 15, 2007). Under New Jersey law, the five elements of fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors,* 691 A.2d 350, 367 (N.J. 1997).

With regard to pleading a claim for fraud, Federal Rule of Civil Procedure requires that, "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." *Fed. R. Civ. P. 9(b)* . The Third Circuit stated that, "to satisfy *Rule 9(b)*, plaintiffs must plead with particularity the circumstances of the alleged fraud by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.,* 361 F.3d 217, 223-24 (3d Cir. 2004) (internal quotations omitted) . More succinctly, courts interpret this to mean that "the plaintiff should plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations. Id. at 224. ). This Court most recently addressed the issue in the case of  *Dewey v. Volkswagen AG,* 558 F. Supp. 2d 505 (D.N.J. 2008)

> Defendants argue that Delguercio's common law fraud claim should be dismissed under Rule 9(b). In New Jersey, the five elements of common law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by

the other person; and (5) resulting damages." *See, e.g.,* Panella v. O'Brien, No. 05-1790, 2006 U.S. Dist. LEXIS 59880, 2006 WL 2466858, *8 (D.N.J. Aug. 24, 2006). Delguercio alleges misrepresentation and knowledge: the Complaint alleges that Defendants "misrepresented that the car was free from defects at the time of purchase although they knew about the defects." *See* Delguercio Opp. at 17; Compl. PP 28-29. Plaintiff Delguercio alleges intent generally, *see* Compl. P 34, which is sufficient under Rule 9(b). Plaintiff alleges reliance only generally, *see* Compl. PP 8, 75, but such general allegations of reliance are sufficient in light of the fact that the specific facts as to the misrepresentations are within Defendants' control, not Plaintiff's. Defendants do not challenge Plaintiff's allegations of damage. Because Plaintiff Delguercio has put "the [D]efendant[s] on notice of the precise misconduct with which [they are] charged," Strzakowlski v. General Motors Corp., No. 07-4740, 2005 U.S. Dist. LEXIS 18111, 2005 WL 2001912, *6 (D.N.J. Aug. 16, 2005), the Court will deny Defendants' motion to dismiss Plaintiff Delguercio's common law fraud claim under Rule 9(b).

The instant is almost identical to the facts in *Dewey.* In the instant case, the

Plaintiff has pled each of the required elements. The Plaintiff has pled the first element

that the Defendant has made a material misrepresentation of a present or past fact. In the

complaint Plaintiff alleged:

> 34.    The Plaintiff reinstated the mortgage with Chase on or about January 17, 2006 by paying approximately $18,658.24 as reflected in the reinstatement quote of November 4, 2005 which included mortgage arrears of $11,966.21, foreclosure fees of $900 and foreclosure costs of $5791.73. Exhibit A.
> ….
>
> 58.    Chase has represented to the Plaintiff that Chase is entitled to collect various loan charges that were not legally due and owing as Chase demanded $6691.73 in taxed costs inclusive of attorneys fees and costs of suit.
> 59.    Chase representations concerning the right to collect such fees and charges were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

Chase had misrepresented that amount due in attorneys' fees and costs in

the foreclosure as $6691.73. The legal amount due was $1600.52 as reflected in

the final judgment of foreclosure. *Liberty Mutual Fire Ins. Co. v. Alexander,* 374 N.J.Super. 340, 354 (App. Div. 2004) quoting *Deshler v. Holmes*, 44 N.J. Eq. 581, 584-88, 18 A. 75 (E. & A.1888). The misrepresentations were made in the payoff quote dated November 3, 2006 and the reinstatement quote of the same dated November 4, 2006.

The Plaintiff has pled that Chase had knowledge and belief of the falsity of the statement. The Plaintiff pled in the complaint:

43. At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a) they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

b) they charged attorneys fees and costs in excess of those actually incurred;

c) costs of suit charged to the class was excessive in violation of statute and court rule;

d) recording fees charged were excessive of the actual fee incurred;

e) over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f) charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g) other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not an expense which can be charged to a borrower.

....

60. Chase knew or should have known that such representations were false as the judgment in the foreclosure allowed a total of $1600.52 in taxed costs inclusive of attorney's fees and costs of suit.

Chase as the Plaintiff in the foreclosure can be presumed to have knowledge of an action filed and prosecuted in its behalf. Further the entry of the final judgment in the foreclosure established the amount due. For Chase to demand sums in excess of the

amount in the judgment must be presumed to be done with knowledge of the falsity of its actions.

The Plaintiff has pled that Chase provided the false statement with the intention that the other person rely upon it. The purpose for providing the payoff or reinstatement quotes is by its nature to be relied upon. Upon payment of the amount demanded the loan will be deemed satisfied. *Glukowsky v. Equity One, Inc,* 360 N.J. Super. 1, 16 (App. Div. 2003); *First Union Nat. Bank v. Nelkin,* 354 N.J. Super. 557, 562 (App. Div. 2002)

The Plaintiff has pled that she relied upon the reinstatement quote in making the payment to Chase. In the complaint, the Plaintiff pled:

> 62.    Plaintiff relied upon Chase's false representations concerning its entitlement to collect such fees and charges to her detriment as she paid the full amount demanded by Chase.
> 63.    Plaintiff's reliance was reasonable and justifiable in the circumstances.

Chase has argued that it was not reasonable for the Plaintiff to rely upon the reinstatement quote of November 4, 2006 because it contradicted the final judgment in the foreclosure. The argument suggest that Ms. Coleman should have been more careful and not accept the false statement from Chase. This logic has been rejected by the courts in New Jersey. " Common law fraud requires a showing of actual reliance, but not objectively reasonable reliance, since the perpetrator of a fraud may not urge that the victim should have been 'more circumspect or astute.'". *Union Ink Co. v. ATT Corp.,* 352 N.J. Super. 617 at 645(App. Div 2002) quoting *Jewish Ctr. of Sussex County v. Whale*, <u>86 N.J. 619</u>, 626 n.1,  (1981).  In the instant case, there was actual reliance as Ms. Coleman made the payment in full as demanded by the Defendant Chase.

The Plaintiff has pled the final element of common law fraud as the Plaintiff suffered resulting damages. The Plaintiff has pled that she made the payment and suffered damages of least $5091.21

In the event the Court requires more explicit pleading, the Plaintiff has filed an amended complaint with exhibits which the Court should deem adequate. If there exists any further defects in the pleading the Plaintiff would request leave to file a second amended complaint in accordance with the courts opinion.

**VII.    The Defendant's motion to dismiss the negligence count  should be denied.**

Chase argues that Ms. Coleman can not maintain a cause of action for negligence and contract. Chase has argued that the courts have  held that tort claims are barred as a matter of law where a contract between the parties exists, and where the plaintiff's alleged damages are limited to economic loss springing from that contract.

The instant case is more than about the loan. The impact to Ms. Coleman concerns her credit worthiness, the emotional upset from the Defendant's egregious actions and possible loss of her home in the foreclosure in addition to any contract damages.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP Litigation Trust v. KPMG, LLP.*, 187 NJ 353 (2004). This was a case concerning accounting irregularities. The complaint alleged causes of action for breach of contract, and negligence among others against the accountants, KPMG.. The court allowed the case to go forward on both theories.  As the court noted:

At the outset, we observe that this matter is before us on a *Rule* 4:6-2(e) motion to dismiss. On such motions, a trial court should grant a dismissal "in only the rarest of instances." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 772 (1989) . A court's review of a complaint is to be "undertaken with a generous and hospitable approach," *id.* at 746, and the court should assume that the nonmovant's allegations are true and give that party the benefit of all reasonable inferences, *Smith v. SBC Communications Inc.*, 178 N.J. 265, 282 (2004) . If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. *Craig v. Suburban Cablevision, Inc.*, 140 N.J. 623, 626 (1995) (citation omitted).

The Plaintiff's Count III alleges that the Defendant, Chase, was negligent in the servicing of the Plaintiff's mortgage. The Defendant argues that this is an imposition of an extra-contractual duty. The Plaintiff's position is that Chase had a duty to provide accurate statements in accordance with the law. The scope of the duty is reflected in the FHA regulations which limit reimbursement of attorneys fees and requires that the charges be actually incurred; as well as the various New Jersey statutes and court rules noted previously.

As a matter of law, the Defendant's motion must be dismissed and judgment entered against the Defendant in favor of the Plaintiff.

**VIII.   The Plaintiff has pled a cause of action for breach of the duty of good faith and fair dealing by Chase.**

Chase argues that the Plaintiff has failed to adequately plead an action for the breach of the contractual duty of good faith and fair dealing. Chase made this same exact argument which this court rejected in its decision in the case of *Barrows v. Chase Manhattan Mrtg. Corp,* 465 F. Supp. 2d 347, 366 (DNJ 2006).

MERS and Chase's motion to dismiss for lack of standing must be denied because Plaintiff has alleged that they had an implied duty to insure that proper attorneys fees were collected or *attempted* to be collected. Plaintiff's contention that Defendants had a duty to insure the propriety of any attempt to collect attorneys fees negates Defendants' argument that

22

Plaintiff needed to have actually paid such fees. Therefore, to the extent that such an implied duty can be read into the contract, Plaintiff has asserted an injury sufficient to confer standing.

Unlike the Plaintiff in *Barrows,* Ms. Coleman has paid the sums demanded by Chase in full.

"Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Co.*, 168 NJ 255, 276 (2001).  See *Pickett v. Lloyd's*, 131 NJ 457, 467 (1993); *Onderdankm v. Presbyterian Homes of New Jersey*, 85 NJ 171, 182 (1981); *Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.*, 69 NJ 123, 129-30 (1976).  This covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.*, 61 NJ 150, 153 (1972).

> "The standard of conduct contemplated by the unconscionability clause is 'good faith, honesty in fact and observance in fair dealing' and the need for application of that standard 'is most acute when the professional seller is seeking the trade of those most subject to exploitation, the uneducated, the inexperienced and the people of low incomes.'" *Associates* at 278.

In the instant case, the Defendant seeks funds to which they were not otherwise entitled.  It is axiomatic that to seek money to which they are not legally entitled is a violation of the covenant of good faith and fair dealing. See *Whittingham*  and *Barrows.*

In support of its position the Defendant relies on the unreported case of *Marguiles v. Chase Manhattan Mortgage Corp.*, 2005 WL 2923580, (App. Div. Nov. 7, 2005). *Marguiles* concerned a misapplication of payments by Chase.  This is unlike the instant case where Chase is seeking funds they were not otherwise entitled. This holding is directly at odds with the New Jersey Supreme Court holding in *Metlife v. Washington*

*Ave. Assoc.,* 159 NJ 484 (1999) where the court held that the failure to properly account and apply payments to a mortgage balance does violate the covenant of good faith and fair dealing.

> The final issue in this appeal involves an accounting for the rents collected directly from the tenant by MetLife. The Appellate Division held that MetLife's failure immediately to apply the rents to the principal balance due or to credit Washington Avenue for interest accrued on those rents violated the implied covenant of good faith and fair dealing. The court remanded for a determination of any credit due to Washington Avenue. We agree with that conclusion. *Id. at* 502.

> As a matter of law Chase's motion to dismiss count IV must be denied and

judgment entered.

### IX.   The Defendant's motion to dismiss count V for unjust enrichment should be denied.

Under New Jersey law, there are two basic elements to a claim for unjust enrichment. First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

Chase was unjustly enriched when the Plaintiff and other foreclosure debtors are overcharged for attorneys fees and costs. The Defendant has engaged in a scheme to engage in unfair and deceptive acts. Due to the fact that any individual claim is relatively small, individual redress is difficult, if not impossible. To the extent of any excess fees and costs, Chase benefits. In this case the overcharges are in clear violation of New Jersey law and all defendants have been unjustly enriched.

The Defendant argues that as the parties have a contract and therefore an action for unjust enrichment cannot proceed. The argument is flawed. First, the Plaintiff may plead in the alternative. Either the Defendant violated the contract (which is denied by the Defendant) or the Defendant's action were a violation in quasi contract. In order to dismiss this count the court must hold as a matter of law that the violations are a breach of contract. It is submitted that such a holding may be premature until discovery is complete.

Second, the parties may have both an implied contract and an express contract both of which are actionable. "The existence of an express contract, however, does not preclude the existence of an implied contract if the implied contract is distinct from the express contract." *Baer v Chase,* 392 F.3d. 609, 617 (3rd Cir 2004) quoting *Atlas Corp. v. United States*, 895 F.2d 745, 754-55 (Fed. Cir. 1990) ; *see  Chase Manhattan Bank v. Iridium Africa Corp.*, 239 F. Supp. 2d 402, 409 (D. Del. 2002)

As a matter of law the Defendant's motion to dismiss Count  V should be denied.

### X.    The Plaintiff has pled a cause of action for violation of the New Jersey Consumer Fraud by Chase.

The Defendant argues that the Plaintiff has failed to adequately plead a cause of action under the New Jersey Consumer Fraud Act. The motion must as a matter of law be denied. The District Court in *Whittingham v. Mortgage Electronic Regisration Services, Inc. ,* No. 06-3016, slip opinion (D.N.J. May 15, 2007)  based on a similar pleading rejected this argument.

> Plaintiff alleges "unconscionable conduct" and "fraud" in her complaint. Moreover, Plaintiff alleges that this conduct was in connection with MERS's and HSBC's subsequent performance of the contract related to the mortgage (i.e., sale of real estate). See *Weiss v. First Unum Life Ins. Co.*, No. 05-5428, 2007 U.S. App. LEXIS 7613, at *34 (3d Cir. Apr. 3,

2007) ("CFA covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations) .") . Therefore, the Court finds that Plaintiff adequately stated a cause of action under the CFA, and the Court accordingly denies MERS's and HSBC's motion to dismiss count XIII.

The elements of a claim for Consumer Fraud are as follows:

"To state a claim under the NJCFA, a plaintiff must allege each of three elements (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *[Frederico v. Home Depot,* 507 F.3d 188, 202 (3d Cir. 2007)] (citing *Cox v. Sears Roebuck & Co*., 138 N.J. 2, 647 A.2d 454 (1994)). The NJCFA defines unlawful practice broadly, as including but not limited to unconscionable commercial practice, deception, fraud, false promise, false pretense, misrepresentation, or knowing concealment N.J.SA. 56:8-2.*Construcciones Haus Soceidad v. Kennedy Funding, Inc*., No. 07-0392, 2008 U.S. Dist. LEXIS 33685, at *14 (D.N.J. Apr. 24, 2008). "The pleading requirements of Rule 9(b) apply to . . . NJCFA claims as well as . . . common law fraud claims." *Slim CD, Inc. v. Heartland Payment Sys., No*. 06-2256, 2007 U.S. Dist. LEXIS 62536, at *32 (D.N.J. Aug. 22, 2007) (citing *F.D.I.C. v. Bathgate,* 27 F.3d 850, 856 (3d Cir. 1994)).

In the instant case, the Plaintiff has pled each element.  The Plaintiff alleged

the following facts in the  complaint:

FACTUAL ALLEGATIONS:
DEFENDANT'S WRONGFUL CONDUCT

42.    At all times relevant hereto, Chase has engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law.  The components of this scheme involve common tactics in which the Defendant has been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a)    they charged attorney fees in both foreclosure and bankruptcy which were in excess of those allowed by statute and court rule;

b)    they charged attorneys fees and costs in excess of those actually incurred;

c)    costs of suit charged to the class was excessive in violation of statute and court rule;

d)    recording fees charged were excessive of the actual fee incurred;

e)        over charging of sheriff's commissions by failing to properly credit deposits and monies returned from the sheriff;

f)        charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

g)        other excessive charges, such as charging the borrower for obtaining a certificate of regularity which is not an expense which can be charged to a borrower.

..........

114.  The Defendant has charged and received the illegal and/or excessive charges as outlined previously. The Defendant's charges for costs and attorneys fees were in excess of the amount allowed pursuant to New Jersey court rules R 4:42-9(a)(4) & R 4:42-10 (a) and the applicable FHA regulations.

115.    The Defendant was allowed a total of $1600.52 in attorney fees and taxed costs pursuant to the final judgment.

....

117.    The Defendant demanded and was paid $6691.73 for attorneys' fees and costs of the foreclosure.

118.  The actions of the Defendant constitute a per se unconscionable business practices in violation of the New Jersey Consumer Fraud Act.  N.J.S.A. 56:8-2 et seq.

119.    The Plaintiff has suffered an ascertainable loss of at least $5091.21.

The first element to allege is unlawful conduct by the Defendant. Para. 42 describes the unlawful conduct of the Defendant. In addition,  para. 115 alleges that the Defendant demanded monies in excess  of the foreclosure judgment. Para 114 alleges directly that the amount demanded by the Defendant in the payoff was in excess of the amount allowed by the law. The various laws and regulations are reflected throughout the counts of the complaint. The improper demand is reflected in the payoff statement of November 4, 2005. and the reinstatement statement of November 4, 2005. (See para 33 & 34). The Defendant demanded and was paid costs and fees of $6691.73 which was $5091.21 over the amount allowed in the judgment.

The second element to allege is that the Plaintiff suffered an ascertainable loss. Para.119 states that "The Plaintiff has suffered an ascertainable loss of at least $5091.21.

The third element is that there is causation between the Plaintiff's ascertainable loss and the actions of the Defendant. In the instant case the Plaintiff paid the amount in full as demanded by the Defendant to reinstate the mortgage. Para 117.

The New Jersey Supreme Court on February 19, 2009 entered a decision in the case of *Bosland v. Warnock Dodge (*A-97-07) concerning two of the pending issues before the court: the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.

The facts in *Bosland* are very similar to the essential facts of the instant case. The Plaintiff, Rhonda Bosland, purchased a new vehicle from the Defendant, Warnock Dodge. As part of the purchase price of the vehicle the Defendant included a charge of $117 as a registration fee. Her claim was that she was overcharged by the Defendant between $20 and $40 in violation of the applicable automobile regulations. Rather than demanding a refund, the Plaintiff filed suit alleging violations the *New Jersey Consumer Fraud Act* (CFA) and the *New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.* (TCCWNA)

In the instant case, the Plaintiffs were overcharged for attorneys fees and costs of suit by the Defendants when the payoff of the mortgage was calculated in violation of New Jersey Statutes and Court Rules. The Plaintiffs paid the sums requested and subsequently brought suit.

In *Bosland,* the trial court dismissed the consumer fraud count of the complaint reasoning that "Plaintiff never complained about these overages, so it seems counterintuitive to consider these fees unconscionable and an ascertainable loss. Instead

these fees were Defendant's profit or fees for processing or handling these papers which Plaintiff, as a consumer, paid without objection" *Id at* 5.

In analyzing the TCCNWA claim, the trial court found that the Plaintiff had failed to establish that the contract had violated any clearly established right as required under the act. *Id at 5.*

The third count of the complaint which alleged unjust enrichment was dismissed because the plaintiff could not provide any evidence that the defendant had received any benefit separate and distinct from the written contract.

The Appellate Division reversed in part and affirmed in part. The Appellate Division affirmed the dismissal of the count for unjust enrichment. The Court reversed the dismissals of the CFA and TCCNWA counts.

The Supreme Court in its decision of February 19, 2009 affirmed the decision of the Appellate Division.  The decision is important in many ways. First, by affirming the Appellate Division concerning the TCCNWA claim, the Court has addressed for the first time elements of proof for a TCCNWA claim. The Appellate Division reinstated the TCCWNA claim holding that proof of the CFA allegations also sufficed to support a claim that the contract violated a clearly established legal right. *Id at* 7.

The Supreme Court rejected the idea that a Plaintiff must seek a refund from Defendant prior to bringing suit. The Court noted that the CFA is a remedial statute. The history of the CFA is one of constant expansion of consumer protection. The Court construes the CFA broadly, not in a "crabbed fashion." *Id at* 15 [internal citations omitted]

The Court reiterated that for analytical purposes there exists three types of claims under CFA: affirmative acts, claims asserting knowing omissions and claims based on regulatory violations. Intent is not an element if the claims are the result of the defendant's affirmative act or as the result of a violation of a regulation. A violation of a regulation results in strict liability. *Id at 15-16.* Intent is only required in cases based on the defendant's omission. In that case, there must be a showing that the defendant acted with knowledge, and intent is an essential element of fraud.

In applying the law to the Plaintiff's claim the court held that the complaint was based on a claimed regulatory violation, she was not required to prove defendant's intent. *Id at 16.* In such a case, there are only three elements required to establish a prima facie case: 1) unlawful conduct by defendant; 2) an ascertainable loss by Plaintiff and 3) a casual relationship between the unlawful conduct and the ascertainable loss. *Id at* 16 [internal citations omitted]

The Supreme Court reiterated the public policy rationale of the CFA. "When confronted, as we are here, with a plaintiff who asserts that she was the victim of an overcharge which itself is small in amount, and who seeks recovery for herself and on behalf of numerous others with 'nominal' claims, we cannot overlook the reality that, without the remedy the CFA affords, all of those wrongs might go unvindicated." *Id at 22.* "We discern in the CFA a clear expression of the Legislature's intent to empower consumers who seek to secure relief for themselves and for others who may not be aware that they have been victimized." *Id at 23.*

In the instant case, the Plaintiffs seek to redress the wrongs not just to themselves but also to others similarly situated.

The Defendants have argued that the Plaintiffs' claims under the CFA and TCCNWA are barred by the voluntary payment doctrine. It is clear from the holding in *Bosland* that simply is not the case. The court noted that the Plaintiff had paid the overcharge voluntarily with no protest.  In rejecting a requirement for the Plaintiff to request a refund prior to filing suit, the court noted that such a requirement would create a safe harbor for offending merchants. "A merchant could rely on the pre-suit refund demand requirement, boldly imposing inflated charges at no risk, and planning to refund the overcharges only when asked. Such an analysis of the CFA would limit relief by making it available only to those consumers who are alert enough to ask for a refund, while allowing the offending merchant to reap a windfall. We see in the broad remedial purposes of the CFA a strong contrary expression of public policy." *Id at 23.*

Simply stated, if the Defendant is in violation of the CFA, then the Plaintiff can recover as there must be  unjust enrichment, fraud, duress or improper conduct on the part of the Defendant. In that circumstance, the payment is not voluntary. *In re: Resorts, Inc.,* 181 F. 3d 505, 511 (3d Cir 1999).

The purpose of Rule 9(b) is for the Defendant to be on notice as to basis for the Plaintiff's complaint. As a matter of law, the Defendant's motion to dismiss count X must be denied.

### XI.  There is a private right of action in Fair Foreclosure Act or in the alternative it may be enforced as an action under the New Jersey Consumer Fraud Act.

#### a.  There is a private right of action in Fair Foreclosure Act

The Defendant has incorrectly argued that there is no private right of action in the Fair Foreclosure Act. The Courts in the case of  *Jalowiecki v. Levc,* 182 NJ Super. 22, 30

31

(App. Div 1981)  established a three part test to determine if a statute confers an implied private right of action.

> 1)   Whether the Plaintiff is a member of the class for whose special benefit, the statute was enacted;
>
> 2)   Whether there is any evidence that the legislature intended to create a private right of action under the statute; and
>
> 3)   Whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.
>
> *Jalowiecki v. Levc,* 182 NJ Super. 22, 30 (App. Div 1981)

"Although courts give varying weight to each of those factors, the primary goal has invariably been a search for the underlying legislative intent" Id. at 30

The legislative intent for the *Fair Foreclosure Act* is set out clearly in *NJSA 2A:50-54* which states:

The legislature hereby finds and declares it to be the public policy of this state that homeowners should be given every opportunity to pay their home mortgages and thus keep their homes, and that lenders will be benefited when residential mortgage debtors cure their defaults and return defaulted residential mortgage loans to performing status.

The legislative intent is for homeowners to be protected. In fact the rights established by this act can not be waived. *NJSA 2A:50-61* states:

Waivers by the debtor of rights provided pursuant to this act are against public policy; unlawful and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.

The clear intent of these sections is to provide the homeowner with significant protection in a foreclosure. These rights are granted specifically to the individual. The underlying legislative intent would support a private right of action.

An application of the elements of *Jalowiecki* supports a private right of action in the Fair Foreclosure Act. The first factor is the Plaintiff, a member of the class for whose special benefit, the statute was enacted. The answer must be an unqualified yes. The Plaintiff is a homeowner with a residential mortgage. In fact, the Act defines a residential mortgage debtor or debtors as any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage. *NJSA 2A:50-55.*

"The right to cure a default under this section is independent of any right of redemption or any other right or remedy under the common law, principles of equity, state, federal statute or rule of court."

The third prong of the test is whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy. The answer here is yes. It is a clear legislative desire for homeowners to be protected. The right is clearly vested with the homeowner under the act. The right is <u>non-waivable</u> and cumulative with other available relief to the borrower. It is clear that the right of action in the act is not only implied but is explicitly provided for by the statute.

The Defendant's argument itself is flawed. The whole statute at issue concerns the process to proceed in court for a foreclosure. The statute provides procedural and substantive due process and other rights to the homeowner. To accept the Defendant's

arguments would leave a homeowner with a laundry list of rights without a remedy. As a matter of law the Defendants motion as to the *Fair Foreclosure Act* must be denied.

**b. There is a private right of action to the New Jersey Court *Rule .4:42-9(a)(4)* and New Jersey Statutes   *NJSA 22A:2-8, 22A:2-10 and 2A:25-3.***

The Defendant has argued that there is no private right of action to the New Jersey Court *Rule .4:42-9(a)(4)I* and New Jersey Statutes *NJSA 22A:2-8, 22A:2-10* and *2A:25-3*. Likewise the same arguments as noted in the previous sections concerning the *Fair Foreclosure Act* and *R.4:42-9(a)(4)*. Apply to these statutes as well. The Court in the case. *Regency Saving Bank v. Morristown Mews, LP*, 363 NJ Super 363 (App. Div. 2003) has made clear that the purpose of the rule was to protect homeowners. The action in <u>Regency</u> was by the bank in a deficiency action to recover attorney's fees in excess of the amount allowed in the foreclosure case. The court held "[F]urther, even if a Plaintiff in a foreclosure action seeks to recover a fee or provision in a note from the outset of the litigation, he is limited to the fee allowable under *R.4:42-9(a)(4)*

**c. The Fair Foreclosure Act, and other statutes, the FTC Act and the Court Rules  may be enforced    through the New Jersey Consumer Fraud Act.**

Even if the Court should hold that the Fair Foreclosure Act, other statutes, the FTC Act and New Jersey Court Rules themselves do not provide for separate causes of action, those rights are themselves a basis for a cause of action under the New Jersey Consumer Fraud Act. This was pled explicitly in the complaint. (See paras 84 & 95 of the Plaintiff's complaint) The issue was addressed specifically in the Appellate case of *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004) *cert. denied*, 183 NJ 212

(2005). In *Wozniak* the court held that the enforcement of a violation of a rent control ordinance was actionable under the New Jersey Consumer Fraud Act.

> Indeed, the CFA complements the Clifton Rent Control Ordinance by providing a legal means of redress against a violator. The CFA acts as an enforcement mechanism for the ordinance and should serve to bring landlords into compliance with the ordinance or be subject to the treble damage and attorney fees sanctions of the CFA. The laudatory purpose of the CFA of protecting consumers is thereby enhanced. *Id.* at 459

The New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Fair Foreclosure Act and New Jersey Court Rules even if the Court should hold that they themselves do not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss counts VII, VIII, & IX must be denied.

### XII.    The Plaintiff has pled a cause of action for violation of the New Jersey Usury Law NJSA 31:1-3 by Chase.

The Plaintiff has pled a cause of action for a violation of the New Jersey Usury Law *NJSA 31:1-3.* The law provides:

> § 31:1-3. Forfeiture of all interest; deduction from recovery.
>
> In all actions to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved or taken than was or is allowed by the law of the place where the contract was made or is to be performed, the amount or value actually lent, without interest or costs of the action, may be recovered, and no more. If any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only.

The statute provides that if any interest is charged that is higher than allowed by law then in that event all of the interest and costs are forfeited.  The law is not limited to violations of New Jersey Usury laws but any law which limits the rate of interest as it relates to the loan. In the instant case, Chase is alleged to continue to charge the contract

interest rate on the loan after the entry of the judgment in the foreclosure. The foreclosure judgment and court rules both limit a judgment to the legal interest rate versus the contract interest rate. Post-judgment interest runs at rates set by New Jersey Court Rule 4:42-11(a), not the interest rate of the note. See *General G.M.C. Sales, Inc. v. Passarella*, 195 N.J. Super. 614, 625 (App. Div. 1984), aff'd o.b. 101 N.J. 12 (1985); *Resolution Trust Corp. v. Griffin*, 290 N.J. Super. 88, 91-92 (Ch. Div. 1994).

The Defendant's whole argument surrounds the usury rates as established under *NJSA 31:1-1*. The argument misses the whole point of the Plaintiff's argument. The issue is charging the contract rate of interest when Chase was required by law to charge the judgment rate also known as the legal rate of interest pursuant to *N.J. Rule. 4:42-11(a).*

The Defendant's final argument is that the statute does not provide for a separate cause of action. This is simply untrue as reflected in the next section *NJSA 31:1-4.* The law states:

> § 31:1-4. Borrower may compel discovery, and acceptance of principal alone.
>
> Any borrower of money or other personal property may by action in the Superior Court against the lender, or in any discovery proceeding, compel him to discover, upon oath, the money or other personal property really lent, and all agreements, devices, shifts, bargains, contracts and conveyances which shall have passed between them relative to such loan, or the repayment thereof, and the interest or consideration for the same. If thereupon it shall appear that more than lawful interest was taken or reserved the lender shall be obliged to accept his principal money, or the personal property or the value thereof, without any interest or other consideration, and to pay costs.

By its very language, the Legislature anticipated that a borrower could bring an action against the lender. This is reflected by the simple statement of "Any borrower of money or other personal property may by action in the Superior

36

Court against the lender…".  Further, if the court should find that the statute does not allow a direct cause of action then as argued previously it may be enforced through the New Jersey Consumer Fraud Act.

As a matter of law, the Defendant's motion to dismiss count XI should be denied.

### XIII.   The Plaintiff has pled a cause of action for violation of the New Jersey Truth In Consumer Contract, Warranty and Notice Act by Chase.

The Plaintiff has pled a cause of action under the *New Jersey Truth-In-Consumer Contract, Warranty and Notice Act NJSA 56:12-15*. The law provides:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes. The provisions of this act shall not apply to residential leases or to the sale of real estate, whether improved or not, or to the construction of new homes subject to "The New Home Warranty and Builders' Registration Act," P.L.1977, c. 467 (C. 46:3B-1 et seq.).

Chase argues that the act does not apply because the "payoff letter" was not a writing as covered by the act. The argument fails for several reasons. It should be noted that the right to a fee in a foreclosure action "emanates from the fact that mortgage loans, as a matter of course, place specific contractual obligations on the mortgagor to bear the fees incurred by the mortgagee upon the need to foreclose or collect." *Stewart Title Guaranty Company v. Lewis,* 347 N.J. Super. 127, 788 A.2d 941, 945 n.8 (Super. Ct. Ch. Div. 2001) To the extent that the Defendants argue that the terms of the mortgage and

note entitle them to be reimbursed for the attorneys fees and costs in the foreclosure in excess of the amount allowed under New Jersey law and FHA regulations, those clauses violate the act. Second, the payoff and reinstatement letters are notices from the lender to the borrower of the amount due to satisfy the loan in full. In fact, RESPA 12 USC 2605 provides that when the borrower makes an inquiry concerning its account, the servicer is to transmit a "written notification". See 12 USC 2605 (e).  *Black's Law Dictionary 4th Edition* (1968) defines Notice as "Information, the result of observation, whether by the senses or the mind; knowledge of the existence of a fact or state of affairs; the means of knowledge." The payoff letter is information on the amount due to satisfy the loan. The reinstatement letter is information on the amount due to reinstate the loan. The plain meaning of the statute is that the creditor may not give any information which violates the Act. The payoff letter itself is a writing which violates the statute by including a demand for monies not legally due.

This same conclusion was reached by the New Jersey Appellate Division in the case of  *Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006). In that case, the court held that advertising by the casino which contained false, deceptive or misleading information was actionable under the *Truth-in-Consumer Contract, Warranty and Notice Act.*  As the New Jersey Appellate Court held in *Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007) that proving a case under the New Jersey Consumer Fraud Act will satisfy a cause of action under this act. The Plaintiff has pled a prima facie case under the Consumer Fraud Act. Chase provided reinstatement and payoff letters dated November 4, 2005 which demanded excessive attorneys' fees and costs in violation of New Jersey law and FHA regulations. In a recent opinion of *Richenbach v. Wells Fargo,*

*Case Number 08-cv-2687 (D.N.J. June 29, 2009)* the District Court of New Jersey held

that an improper payoff or reinstatement statement is a violation of the act. The Plaintiff

paid the monies demanded in full. As a matter of law, the Defendant's motion to dismiss

Count XII must be denied.

**XIV.  Any dismissal by the Court should be without prejudice and the Plaintiff given an opportunity to file an amended complaint.**

In the event, the court should hold that any of the Plaintiff's pleadings are defective,

the court should allow the Plaintiff an opportunity to file an amended complaint. The

Third Circuit held *Shane v. Fauver*, 213 F.3d 113 (3rd Cir 2000) the standard to be used to

dismiss a complaint with prejudice.

> The District Court in this case dismissed the plaintiffs' claims with prejudice and without leave to amend. In doing so, the court may have understandably thought that this procedure was mandated by the PLRA. We hold, however, that it is not and that now, as before, in the situation presented here, dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance on whether this standard is met.

In the instant case, Chase has not presented any evidence of bad faith, undue

delay, prejudice or futility. Many of the issues raised by the Plaintiff's complaint are

areas of law which have not been subject to much litigation. There is no question that the

Defendant is on notice on the causes of actions being litigated. In the event the court

finds any of the pleadings in the complaint deficient, the Plaintiff should be allowed to

file an amended complaint.

**XV.  The motion is premature as discovery has not been completed.**

Chase has filed the within motion while discovery is still pending. Many key facts

still have not been developed. This is especially true of an itemization of the attorneys

fees and court costs charged to Ms. Coleman.  This information is in the sole possession of Chase. Without those figures it is difficult to give exact calculations of the extent of the violations of the act or Ms. Coleman's damages. To this end the Plaintiff has filed a certification pursuant to R56(f) requesting the decision on those issues be stayed pending the completion of discovery.

## CONCLUSION

In the instant case the Plaintiff has more than suggested a cause of action against Chase.  The issue between the parties concerns whether Chase could legally collect these fees from Ms. Coleman.   As a matter of law, the motion to dismiss must be denied or in the alternative, the Plaintiff should be given an opportunity to file an amended pleading.

Respectfully submitted,

/s/ Lewis G. Adler, Esquire
Lewis G. Adler, Esquire


/s/ Roger C. Mattson, Esquire
Roger C. Mattson, Esquire