# United States District Court
District of New Jersey

LAW OFFICES OF LEWIS G. ADLER
26 Newton Avenue
Woodbury, New Jersey  08096
(856) 845-1968
Attorney for Plaintiffs

| | |
|---|---|
| **STACY COLEMAN , fka Stacy Kovilaritch individually and as a class representative On behalf of others similarly situated**<br>**Plaintiff,**<br><br>**vs.**<br><br>**CHASE HOME FINANCE, LLC. Successor by merger to CHASE MANHATTAN MORTGAGE CORP.  and John Doe 1-100 and John Doe Servicers 1-100**<br>**Defendant.** | **CASE NO.**<br>   **Case No. 1:08-cv-2215 (NLH)(JS)**<br><br>    <u>Civil Action</u> |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.
On the Brief

TABLE OF CONTENTS

STATEMENT OF FACTS…………………………………………………………. 2
PROCEDURAL HISTORY   ………………………………………………………  3
LEGAL ARGUMENT……………………………………………………………… 3

    *I.    THE COURT SHOULD RECONSIDER ITS DECISION CONCERNING THE
       ATTORNEYS FEES AND COSTS CHARGED AND COLLECTED BY THE
       DEFENDANTS…………………………………………………………….. 3*

CONCLUSION……………………………………………………………  7

**TABLE OF AUTHORITIES**

## Cases

*Bosland v. Warnock Dodge,* 197 NJ 543 (2008)………………………………… 7
*Cafferata v. Peyser*, 251 N.J. Super. 256, 261,  (App.Div.1991)
    (quoting *Crispin v. Volkswagenwerk, A.G.*, 96 N.J. 336, 343 (1984)………… 5, 6
*Circle Chevrolet Co. v. Giordano, Halleran & Ciesla,* 142 N.J. at 289-90 (1995)
    (quoting *DiTrolio*, supra, 142 N.J. at 267)…………………………………..5
*DiTrolio v. Antiles*, 276 N.J. Super. 234, 247,  (App.Div.1994)
    ,rev'd on other grounds, 142 N.J. 253 (1995)…………………………………  5
*Iliadis v. Wal-Mart Stores, Inc*., 191 N.J. 88, 115 (2007)……………………….. 7
*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*,
    192 N.J. at 382-85(2007)……………………...…………………………………7
Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
    176 F.3d 669, 677 (3d Cir. 1999)……………………………………………….3
*McNally v. Providence Washington Ins. Co.* 304 NJ Super 83, 93 (App Div 1997)……  6
*Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)……………………… 8
*P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*,
    161 F. Supp. 2d 349, 352 (D.N.J. 2001)…………………………………………4
*S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ.*,
    248 F. Supp. 2d 368, 381 (D.N.J. 2003)……………………………………. 4
*United States v. Compaction Sys. Corp.*,
    88 F. Supp. 2d 339, 345 (D.N.J. 1999)……………………………………… 4
*Woodward-Clyde  Consultants v. Chemical and Pollution Sciences, Inc.*,
    105 N.J. 464, 472 (1987)………………………………………………………6
*Zaromb v. Borucka*, 166 N.J. Super. 22, 27 (App.Div.1979)……………………… 6,7

## Rules

Local Civil Rule 7.1 ……………………………………………………………..  3

## Other Authority

*Blacks Law Dictionary*…………………………………………………………… 6
*Pressler, Current N.J. Court Rules, Comment 4:30A* at 1030…………………………… 6

1

STATEMENT OF FACTS

The Plaintiff will rely upon the facts set forth in the First Amended Complaint in support of this motion. The following facts are particularly relevant for the courts consideration of this motion.

The Defendant Chase, filed the foreclosure proceedings against the Plaintiff on the mortgage on or about October 26, 2001 under the caption Chase Manhattan Mortgage Corporation v. Stacey Kovilaritch et al.; Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-18980-01. [Plaintiff's complaint paragraph 32]. On or about August 1, 2002, the Defendant obtained a final judgment and writ of execution from the Superior Court. [Plaintiff's complaint paragraph 33 & Exhibit A to Plaintiff's complaint] The final judgment allowed total taxed costs of only $1600.52 inclusive of attorneys fees and all costs of suit. [Plaintiff's complaint paragraph 36]

About four years after the entry of the final judgment, the Plaintiff reinstated the mortgage with Chase on or about January 17, 2006 by paying approximately $18,658.24 as reflected in the reinstatement quote of November 4, 2005 by Nicole Riley which included mortgage arrears of $11,966.21, foreclosure fees of $900 and foreclosure costs of $5791.73. [Plaintiff's complaint paragraph 34 & Exhibit B to Plaintiff's complaint]. The Defendant demanded and was paid costs and fees of $6691.73 which was $5091.21 over the amount allowed in the judgment. [Plaintiff's complaint paragraph 37] The reinstatement and payoff quotes provided by Chase to the Plaintiff included excess and/or unincurred charges including attorneys fees and costs of suit which were in excess of the amount allowed under the law and final judgment. [Plaintiff's complaint paragraph 38]

PROCEDURAL HISTORY

The Plaintiffs commenced the present action by filing a the Complaint..

The Defendants, Chase filed a motion to dismiss the complaint. The court granted the

motions in its decision and order of November 10, 2009.

LEGAL ARGUMENT

I.      *THE COURT SHOULD RECONSIDER ITS DECISION CONCERNING THE*
        *ATTORNEYS FEES AND COSTS CHARGED AND COLLECTED BY THE*
        *DEFENDANTS.*

**A. Standard for Motion for Reconsideration**

Local Civil Rule 7.1(i) governs a motion for reconsideration. It provides, in

relevant part, that "[a] motion for reconsideration shall be served and filed within 10

business days after the entry of the order or judgment on the original motion by the Judge

or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions

which the party believes the Judge or Magistrate Judge has overlooked shall be filed with

the Notice of Motion." A judgment may be altered or amended only if the party seeking

reconsideration shows: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court granted the motion for

summary judgment; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669,

677 (3d Cir. 1999). The instant motion has been filed to correct a clear error of law and

fact in order to prevent manifest injustice.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Id. The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, *S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

The court in its decision of November 10, 2009 dismissed the instant case under the entire controversy doctrine. There is a clear misunderstanding concerning the procedural posture of the underlying foreclosure action. This misunderstanding has caused  a clear error of law and fact which should be corrected in order to prevent manifest injustice.

The Defendant Chase, filed the  foreclosure proceedings against the Plaintiff on the mortgage on or about October 26, 2001 under the caption Chase Manhattan Mortgage Corporation v. Stacey Kovilaritch et al.; Superior Court of New Jersey, Chancery Division, Gloucester County,  Docket No. F-18980-01.  [Plaintiff's complaint paragraph 32]. On or about August 1, 2002, the Defendant obtained a final judgment and writ of execution from the Superior Court. [Plaintiff's complaint paragraph 33 & Exhibit A to Plaintiff's complaint] The final judgment allowed total taxed costs of only $1600.52 inclusive of attorneys fees and all costs of suit. [Plaintiff's complaint paragraph 36]

About four years after the entry of the final judgment, the Plaintiff reinstated the mortgage with Chase on or about January 17, 2006 by paying approximately $18,658.24 as reflected in the reinstatement quote of November 4, 2005 by Nicole Riley which included mortgage arrears of $11,966.21, foreclosure fees of $900 and foreclosure costs of $5791.73. [Plaintiff's complaint paragraph 34 & Exhibit B to Plaintiff's complaint]. The Defendant demanded and was paid costs and fees of $6691.73 which was $5091.21 over the amount allowed in the judgment. [Plaintiff's complaint paragraph 37] The reinstatement and payoff quotes provided by Chase to the Plaintiff included excess and/or unincurred charges including attorneys fees and costs of suit which were in excess of the amount allowed under the law and final judgment. [Plaintiff's complaint paragraph 38]

" The [entire controversy] doctrine is equitable in nature and is fundamentally predicated upon 'judicial fairness and will be invoked in that spirit.'" *Cafferata v. Peyser*, 251 N.J. Super. 256, 261, (App.Div.1991) (quoting *Crispin v. Volkswagenwerk, A.G.*, 96 N.J. 336, 343 (1984)). As with other discretionary standards, "a particularized evaluation is required to determine whether the policies sought to be fostered by the doctrine require its application as a preclusive principle when balanced against a litigant's right to tailor separate causes of action." *DiTrolio v. Antiles*, 276 N.J. Super. 234, 247, (App.Div.1994),rev'd on other grounds, 142 N.J. 253 (1995). The policies sought to be fostered by the doctrine are threefold:  "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla,* 142 N.J. at 289-90 (1995),  (quoting *DiTrolio*, supra, 142 N.J. at 267). Thus, the doctrine

furthers the twin goals of efficient judicial administration and fairness to litigants. *Woodward-Clyde Consultants v. Chemical and Pollution Sciences, Inc.*, 105 N.J. 464, 472 (1987). " *McNally v. Providence Washington Ins. Co.* 304 NJ Super 83, 93 (App Div 1997).

As this court held "The boundaries of the doctrine are not limitless, ' however. It is well recognized that the entire controversy doctrine does not bar related claims which have not arisen or accrued during the pendency of the original action. *McNally v. Providence Washington Ins. Co.* 304 NJ Super 83, 93 (App Div 1997). *Id at 12.*

"[A]pplication of the doctrine is limited in that, "as in the case of all other preclusionary doctrines . . . the party whose claim is being sought to be barred must have had a fair and reasonable opportunity to have fully litigated that claim in the original action." *Cafferata v. Peyser*, 251 N.J. Super. 256, 261  (App.Div.1991) (holding that a patient's settlement of a prior action brought against him by doctors for payment of a bill did not bar medical malpractice action against doctors). Moreover, the doctrine does not bar related claims that were unknown, or had not arisen or accrued at the time of the original action. See *Pressler, Current N.J. Court Rules, Comment 4:30A* at 1030; *Fisher v. Yates,* 270 NJ Super. 458, 470 (App. Div. 1994);  *Zaromb v. Borucka*, 166 N.J. Super. 22, 27 (App.Div.1979).

The court held that Ms. Coleman became aware of the overcharges during the pendency of the foreclosure action. This conclusion is factually and legally incorrect. The foreclosure action was completed upon the entry of the final judgment on August 1, 2002. *Blacks Law Dictionary* defines pending as the time from the inception of the action until the entry of the final judgment. In the instant case, Ms. Coleman's cause of action did not

6

accrue until almost four years after the entry of the final foreclosure judgment.  Under the

facts of the instant case, the claim can not be barred by the entire controversy doctrine.

In order for Ms. Coleman to bring her claims in the foreclosure action, the

Chancery Court would have to vacate the final judgment and allow her to then file an

answer and counterclaim. This scenario is not required under New Jersey law. If a party

does not know of a related claim, the entire controversy doctrine does not operate as a bar

to a second suit on the unknown claim. *Zaromb v. Borucka*, 166 N.J. Super. 22, 27

(App.Div.1979).

Implicit in this court's decision is a requirement that the Plaintiff seek a refund or

other adjustment of the amount demanded prior to filing suit. The New Jersey Supreme

Court in *Bosland v. Warnock Dodge,* 197 NJ 543 (2008) specifically held that "When

confronted, as we are here, with a plaintiff who asserts that she was the victim of an

overcharge which itself is small in amount, and who seeks recovery for herself and on

behalf of numerous others with "nominal" claims, we cannot overlook the reality that,

without the remedy that the CFA affords, all of those wrongs might go unvindicated. See

*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*,  192

N.J. at 382-85 (2007). As with our view of the rationale that underlies the class action

mechanism, ibid.; see *Iliadis v. Wal-Mart Stores, Inc*., 191 N.J. 88, 115 (2007)

(explaining significance of availability of class actions in context of nominal damages),

we see in the CFA an underlying public policy rationale that gives no support to the

suggestion that a pre-suit demand for a refund is required." *Id at 561*.

The court in footnote 15 stated that it was inclined to dismiss based on the reasons

stated by Judge Irenas in his cases. In that event, the court must allow the Plaintiff an

opportunity to amend the complaint to address those specific issues. *See Phillips v.*

*County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(providing that plaintiffs whose

claims are subject to a Rule12(b)(6) dismissal should be given an opportunity to amend

their complaints unless amendment would be inequitable or futile).

CONCLUSION

For the foregoing reasons, it is respectfully requested that an order be entered

vacating its previous dismissal and allowing the filing of the amended complaint in the

event the court dismisses the action for other reasons.

                                        Respectfully submitted,


Date: November 19, 2009                  /s/Lewis G. Adler_____
                                        LEWIS G. ADLER, ESQ.