STRADLEY, RONON, STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
By: Francis X. Manning
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400
Attorneys for Defendant
Chase Home Finance LLC

## UNITED STATES COURT DISTRICT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | |
|---|---|
| STACY COLEMAN, fka Stacy Kovilaritch: individually and as a class representative on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC, successor-by-merger to CHASE MANHATTAN MORTGAGE CORP. and John Doe 1-100 and John Doe Servicers 1-1-100,<br><br>        Defendant. | No. 1:08-cv-02215-NLH-JS<br><br><br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Return Date: December 21, 2009 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................1
II. ARGUMENT ........................................................................................1
III. CONCLUSION ....................................................................................4

# TABLE OF AUTHORITIES

## CASES

**Bosland v. Warnock Dodge,**
    197 N.J. 543, 964 A.2d 741 (2009)..................................................................3

**Bowers v. Nat'l. Collegiate Athletics Ass'n,**
    130 F. Supp.2d 610 (D.N.J. 2001) .................................................................1

**G-69 v. Degnan,**
    748 F. Supp. 274 (D.N.J. 1990) .....................................................................1

**Sovereign Bank, FSB v. Kuelzow,**
    297 N.J. Supra, 187 (App. Div. 1997)............................................................2


## RULES

**Civil Rule 7.1(i)**................................................................................................1

I.  **INTRODUCTION**

In its November 10, 2009 Opinion and Order, this Court granted Chase Home Finance, LLC ("Chase") dismissal of all claims asserted in Coleman's Amended Complaint because they are barred under New Jersey's entire controversy doctrine as a result of Coleman's failure to raise them as counterclaims in the underlying foreclosure action. In her Motion for Reconsideration, Coleman provides no reason for the Court to amend its ruling.

II. **ARGUMENT**

While a motion for reconsideration seeking to correct a clear error of law or fact is permitted under Local Civil Rule 7.1(i), the Rule does not allow a party to re-litigate arguments the Court has already considered and rejected. G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). A party's disagreement with a Court's decision is an insufficient basis for a motion for reconsideration, and should be addressed through the normal appellate process. Bowers v. Nat'l. Collegiate Athletics Ass'n, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citations omitted). Here, Coleman identifies no misapplication of fact or law, but merely reargues matters this Court already considered and rejected in granting Chase's Motion to Dismiss.

1

Coleman's primary argument is that she could not have asserted the claims she alleges in this lawsuit as counterclaims in the underlying foreclosure action because "[t]he foreclosure action was completed upon the entry of the final judgment on August 1, 2002."[1] (Motion for Reconsideration, p. 6). The only support Coleman cites for this proposition is her paraphrasing of the Black's Law Dictionary definition for "pending." However, this Court already considered and rejected Coleman's argument when it held that "[t]he foreclosure action was still active when Coleman received the reinstatement quote" in late 2005. (Opinion, p. 14).

Contrary to Coleman's unsupported argument, and as noted in Chase's Reply Brief in Support of its Motion to Dismiss, the foreclosure Court retained jurisdiction until after Coleman reinstated her mortgage. In New Jersey, a "final judgment" does not extinguish a foreclosure Court's jurisdiction, which is retained until at least such time as the deed is conveyed following a Sheriff's Sale. Sovereign Bank, FSB v. Kuelzow, 297 N.J. Supra, 187, 196, 687 A.2d 1039, 1043 (App. Div. 1997). That the foreclosure Court retained jurisdiction until after Coleman reinstated her mortgage is demonstrated by the January 20, 2006 order it

---

[1] Coleman previously made this argument on page 14 of her Opposition to Chase's Motion to Dismiss.

2

entered vacating the previously entered final judgment.[2] The January 20 order "dismissed without prejudice" the foreclosure action. In her Motion for Consideration, even Coleman implicitly acknowledges the foreclosure Court retained jurisdiction: she argues that to assert her claims in this lawsuit as counterclaims in the foreclosure, "the Chancery Court would have to vacate the final judgment and allow her to then file an answer and counterclaim." (Motion for Reconsideration, p. 7). The foreclosure court would have to have jurisdiction to undertake these activities. Because the foreclosure action remained pending when Coleman made her reinstatement payment, this Court correctly dismissed Coleman's claim as presenting "a textbook example of the purpose of the entire controversy doctrine." (Opinion, p. 17).

Coleman also cites to <u>Bosland v. Warnock Dodge</u>, 197 N.J. 543, 964 A.2d 741 (2009) – just as she did on pages 28 and 29 of her Opposition to Chase's Motion to Dismiss – for the proposition that a plaintiff may proceed with a New Jersey Consumer Fraud Act claim without requesting a refund of the claimed overcharge before instituting litigation. However, as Chase noted in its Reply Brief in Support of its Motion to Dismiss, this holding is irrelevant because Chase

---

[2]  See January 20, 2006 "Order Setting Aside Judgment and Execution [,] Dismissing Foreclosure Proceeding and Reinstating Bond and Mortgage," attached to the Manning Decl. submitted with Chase's Motion to Dismiss, as Exhibit E.

3

makes no argument concerning this issue. Coleman's claims in this lawsuit are barred by the entire controversy doctrine because she failed to raise them as counterclaims in the underlying foreclosure action, not because she failed to request a refund of the overcharges before filing this lawsuit.

## III.  CONCLUSION

For the foregoing reasons, the Court should deny Coleman's Motion for Reconsideration.

Respectfully submitted,

s/Francis X. Manning
Francis X. Manning
Andrew K. Stutzman
STRADLEY, RONON, STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400
fmanning@stradley.com
astrutzman@stradley.com

Of Counsel
LeAnn Pedersen Pope (*pro hac* pending)
Stephen R. Meinertzhagen (*pro hac* pending)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611
(312) 840-7000
lpope@burkelaw.com
smeinertzhagen@burkelaw.com

## CERTIFICATE OF SERVICE

I, Francis X. Manning, Esquire, hereby certify that on the 7th day of December, 2009, I caused a true and correct copy of the within pleading to be served via the court's electronic server upon the following:

Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096
e-mail address: lewisadler@verizon.net, lewisadler@erols.com

/s/ Francis X. Manning