```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STACEY COLEMAN,<br>       Plaintiff,<br><br>     v.<br><br>CHASE HOME FINANCE, LLC,<br>       Defendant. | CIVIL NO. 08-2215(NLH)(JS)<br><br>**ORDER** |

**APPEARANCES:**

Lewis G. Adler, Esquire
Law Office of Lewis Adler
26 Newton Avenue
Woodbury, NJ 08096
    *Attorney for plaintiff*

Francis X. Manning, Esquire
Stradley, Ronon, Stevens & Young, LLP
Woodland Falls Corporate Park
200 Lake Drive East
Suite 100
Cherry Hill, NJ 08002
    *Attorney for defendant*

**HILLMAN**, District Judge

   This matter having come before the Court on plaintiff's motion for reconsideration of the Court's November 10, 2009 Opinion and Order granting defendant's motion for summary judgment; and

   Local Civil Rule 7.1(i) providing, in relevant part, "A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party

believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

The Court having granted defendant's motion for summary judgment on plaintiff's claims that defendant charged excessive

attorney's fees and costs in plaintiff's state court foreclosure action; and

The Court having found that the entire controversy doctrine barred plaintiff's claims because, *inter alia*, the allegedly improper charges (1) arose from the foreclosure action, (2) were germane to the foreclosure action, and (3) could have been brought in the foreclosure action; and

In her motion for reconsideration, plaintiff arguing that the Court made an error of fact in finding that plaintiff could have brought her claims during the pendency of the foreclosure action because the foreclosure action was completed upon the entry of final judgment on August 1, 2002, and her claims did not arise until November 2005; but

The Court finding that plaintiff raised, and the Court considered, this argument in her opposition to defendant's summary judgment motion; and

The Court further finding that plaintiff has not demonstrated that the Court made an error in finding that the Chancery Court retained jurisdiction over the action until January 20, 2006; and

The Court additionally finding that plaintiff's motion is simply a reargument of her opposition to defendant's motion for summary judgment, and a disagreement with the Court's decision[1];

---

[1] Plaintiff also states that this Court noted that even if the entire controversy doctrine did not bar her claims, the Court

3

Accordingly,

**IT IS HEREBY** on this 8th day of December, 2009

**ORDERED** that plaintiff's motion for reconsideration [39] is **DENIED**.

                                             s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

would be inclined to dismiss her claims for the same reasons articulated by Judge Irenas in considering identical claims. Based on this statement, plaintiff argues she should be allowed to amend her complaint. Because the Court finds that plaintiff has not demonstrated that the entire controversy does not bar her claims, plaintiff's request to amend her complaint does not need to entertained, other than to point out that only a plaintiff who has asserted civil rights claims are entitled to *sua sponte* leave to amend, unless it would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").